Florida East Coast Railway Company, *Plaintiff in Error*, v. E. A. McElroy, *Defendant in Error*.

Opinion Filed July 8, 1916.

In an action for damages alleged to have been caused by fire that negligently escaped from a railroad locomotive, where there is no substantial evidence that fire from which the damage resulted did escape from defendant's engine as alleged, from which negligence may be presumed under the statute, the charges of the court should not assume that such evidence was adduced.

Writ of Error to Circuit Court, Dade County; H. P. Branning, Judge.

Judgment reversed.

*Shutts, Smith & Bowen,* for Plaintiff in Error;

*Taylor & Taylor,* for Defendant in Error.

WHITFIELD, J.—McElroy brought an action against the railroad company to recover damages for the burning of growing trees and plants upon plaintiff's land alleged to have been negligently caused by sparks which escaped from the defendant's railroad locomotive, igniting inflammable matter on the defendant's right of way and escaping thence to plaintiff's property. Trial was had on the plea of not guilty. There was judgment for the plaintiff and the defendant took writ of error.

The declaration alleges that defendant suffered large quantities of dry grass and weeds to accumulate on its right of way and that fire "emitted and thrown from a certain locomotive engine and train of the defendant on the said railroad to-wit: the north bound freight passing * * * between 12:30 and 2:30 p. m. * * * then and there ignited" &c. If the evidence shows that the fire was started by sparks from the passing locomotive the statute affords a presumption of negligence on the part of the defendant railroad company which it must remove by showing that its employees "exercised all ordinary and reasonable care and diligence" in the premises. §3148 Gen. Stats. Ditto Compiled Laws of 1914.

In support of this allegation is the testimony of a witness that she "saw the fire between one and two o'clock when it began, after north bound train went north in the afternoon; saw big smoke; wind was blowing hard that day; * * * attention was called to fire after train passed; did not see train but could hear it; * * * it was some little time after train passed that witness' attention was called to fire, about a half hour; when witness saw fire it was a good strong fire; * * * train had been gone about a half hour before witness saw the smoke."

This testimony does not justify an inference that the fire was in fact started by sparks from the defendant's

locomotive, so as to fix liability upon the defendant rail-road company.   The statutory presumption of negligence does not exist until it is shown with some degree of definiteness that sparks from the engine started the fire.   A mere probability that sparks escaped from the engine and started the fire, is not sufficient as a legal basis of recovery.

The charges of the trial court to the jury proceed upon the theory that there was evidence of the setting of the fire by sparks from the defendant's locomotive; but there appears to have been no substantial evidence of such essential fact upon which to predicate the charges.

A careful consideration of the entire transcript discloses no definite or sufficient evidence that fire escaped from the defendant's engine, upon which to base a presumption of negligence or to fix with reasonable certainty liability of the defendant.

The judgment is reversed and a new trial awarded.

TAYLOR, C. J., and SHACKLEFORD, COCKRELL and ELLIS, JJ., concur.