SEABOARD AIR LINE RAILWAY, A CORPORATION, *Plaintiff in Error*, v. ROYAL PALM SOAP COMPANY, A CORPORATION, *Defendant in Error*.

Opinion Filed December 7, 1920.

Petition for Rehearing Denied January 27, 1921.

1. Charges given to the jury should conform to the evidence adduced in the case and the evidence should not only preponderate in favor of the verdict, but the evidence should produce in the minds of the jury a reasonable belief of the facts essential to the verdict.

2. Judges are not authorized or required to give charges or instructions to juries on abstract questions of law not pertinent to the case before the court, and having no relation thereto.

3. Charges should state the law of the case correctly, and should be predicated upon the facts in proof, and when predicated upon a statement of facts contrary to the uncontradicted and undisputed proofs in the case they are erroneous.

4. Charges of the court to juries must be confined to the issues and must be predicated upon facts in proof.

5. Abstract charges that do not conform to the evidence adduced, may be harmful error when the evidence does not certainly warrant a reasonable belief of the facts essential to sustain the verdict named.

A writ of error to the Circuit Court for Hillsborough County; F. M. Robles, Judge.

Judgment reversed.

*Knight, Thompson & Turner*, for Plaintiff in Error;

*Hilton S. Hampton* and *A. B. McMullen,* for Defendant in Error.

PER CURIAM.—This writ of error was taken to a judgment awarding damages for property destroyed by fire. There was no testimony that fire was seen to escape from the railroad company's locomotive, but there was testimony that fire was seen on or near the track within perhaps fifteen or twenty feet of the property soon after the engine passed over the place and that within perhaps a half hour after a small fire was first seen on or near the track, the property in question was seen to be on fire. There was also testimony that boys smoking cigarettes were seen at or near the place where the fire was first seen at the time the engine passed. While there was testimony that the engine had been known to emit sparks of considerable size, it was shown that the engine had since then been overhauled and the defects remedied by appropriate additions to the smoke stack and fire box. A preponderance of the testimony tended to indicate that the fire box was in a reasonably good condition, though there was testimony of a witness who "just stood off on the side" of the engine, that he saw two days after the fire that the fire box of the engine "wasn't either put together close when it was built or it has rusted out or burned out in the corners." There was no testimony that the smoke stack was not in proper condition; and there was no showing that any fire escaped or could have escaped from the smoke stack. The train crew testified to the careful operation of the engine and that no fire was seen to escape from the engine and no fire was seen by them after the engine passed over the particular place in switching.

It has been repeatedly held that charges given to the jury should conform to the evidence adduced in the case

and that the evidence should not only preponderate in favor of the verdict, but that the evidence should produce in the minds of the jury a reasonable belief of the facts essential to the verdict. Escambia County Electric Light & Power Co. v. Southerland, 61 Fla. 167, 55 South. Rep. 83; Florala Saw Mill Co. v. Smith, 55 Fla. 447, 46 South. Rep. 332.

Judges are not authorized or required to give charges or instructions to juries on abstract questions of law not pertinent to the case before the court, and having no relation thereto. Whitner v. Hamlin, 12 Fla. 18.

Charges should state the law of the case correctly, and should be predicated upon the facts in proof, and when predicated upon a statement of facts contrary to the uncontradicted and undisputed proofs in the case they are erroneous. Mullikin v. Harrison, 53 Fla. 255, 44 South. Rep. 426.

Charges of the court to juries must be confined to the issues and must be predicated upon facts in proof. Griffing Bros. Co. v. Winfield, 53 Fla. 589, 43 South. Rep. 687; Farnsworth v. T. El. Co., 62 Fla. 166.

At the plaintiff's request the court gave instructions involving statements of the duty of a railroad company to exercise utmost care in running a train through a town or village where property is exposed to fire "that may come in large quantities from the locomotive," and also an instruction that an issue to be determined by the jury was whether the defendant failed to discharge its duty as to the spark arrester on the engine.

Even if it is shown that this alleged fire loss occurred in a town or village, there is no evidence that fire in large

quantities came from or could have come from the locomotive, and there was no contradiction of the evidence that the smoke stack was in proper condition and that the engine was properly operated. In view of the uncertainties that pertain in the circumstances from which the jury doubtless drew an inference that the fire was caused by the defendant's engine, there being much evidence of the exercise of due care and no direct evidence to the contrary, it cannot be fairly said that the abstract charges given at plaintiff's request that do not conform to the evidence in the case were not harmful to the defendant, or that without such charges the jury would certainly have deduced a reasonable belief of the facts essential to sustain the verdict rendered. Searles v. Manhattan Ry. Co., 101 N. Y. 661, 5 N. E. Rep. 66.

In many important aspects the facts of this case are quite different from those in J. T. & K. W. Ry. Co. v. P. L. T. & M. Co., 27 Fla. 1, 10 South. Rep. 688.

Judgment reversed for a new trial.

BROWNE, C. J., AND TAYLOR, WHITFIELD, ELLIS AND WEST, J. J., concur.