JOHN BARTON PAYNE, DIRECTOR GENERAL OF RAILROADS, *Plaintiff in Error*, v. D. L. McKINNON, *Defendant in Error*.

Opinion Filed April 22, 1921.

Petition for Rehearing Denied May 25, 1921.

1.  Under Section 3148 of the General Statutes, 1906, Section 4964, Revised General Statutes, 1921, which provides that a railroad company shall be liable for any damage done to

person or property by the running of its locomotive, cars or other machinery of the company unless the company shall make it appear that its agents have exercised all ordinary and reasonable care and diligence, the presumption in all cases being against the company, the burden of proving injury is on the plaintiff; when that burden has been met the defendant must show absence of negligence.

2. No presumption of negligence arises against the railroad company until the injury is shown to have been caused by the running of the railroad company's locomotives, cars or other machinery.

3. In an action for damages resulting from an injury to the plaintiff's property by the negligent running of the railroad company's locomotives and cars the plaintiff must show the injury to have been committed by the running of the defendant's cars or locomotives before the presumption of negligent operation of such cars or locomotives arises against the company.

A Writ of Error to the Circuit Court for Jackson County; C. L. Wilson, Judge.

Judgment reversed.

*Paul Carter*, for Plaintiff in Error;

*D. L. McKinnon, in pro per.*

ELLIS, J.—This was an action for damages resulting from a fire which was alleged to have been set out upon the plaintiff's premises by an engine of the defendant operating the Louisville & Nashville railroad through Jackson county. The first count alleged that the engines were "insufficiently equipped with appliances and not kept in proper repair," so that fire was set out by cinders

and sparks from the engine causing the injury to the plaintiff's grounds. The second count alleged the same facts, and alleged the fire to have been set out at short intervals during the time the defendant operated the railroad which it was alleged to have done from February, 1917, to the last of February, 1920. The defendant pleaded not guilty, and for a second plea that the plaintiff had not been damaged as alleged. There was a verdict and judgment for the plaintiff in the sum of two hundred and fifty dollars. A writ of error was taken by the defendant, who assigns two errors: First, that the court erred in refusing to direct a verdict for the defendant, and in denying the motion for a new trial. Counsel for the plaintiff in error discuss several propositions under these assignments of error. First, that the evidence did not support the verdict and that there were errors in certain charges given by the court.

The plaintiff's premises which were damaged by fire which occurred on July 5th, 1918, are located near the right-of-way of the Louisville and Nashville railroad. The fence, according to one witness, was about two hundred and fifty feet from the right-of-way. A fire occurred which destroyed part of the fence, burned over several acres of ground killing shrubbery, trees and flowers, and according to the plaintiff producing damages amounting to about three hundred and seventy-five dollars. Much was said by witness for the plaintiff about sparks sometimes being emitted from locomotive engines and coals being dumped from the fire box upon the railroad track by passing engines. But no one testified that the fire upon the plaintiff's premises originated that way. There was no tracing of a fire from the railroad track where a bed of coals had been deposited across the right-of-way to

plaintiff's grounds. Nor did any one testify that sparks emitted from passing engines caused the fire by setting upon the dried grass or rubbish upon the right-of-way of the railroad company, or upon the plaintiff's lands and igniting the dried grass or decaying vegetation or other combustible material thereon, if there were any. The fire was discovered during the afternoon of July 5, 1918. The weather was very warm and dry. At what time during the afternoon the fire began is not definitely stated. The section foreman about five or six o'clock saw where the fire had occurred. Between the hours of ten A. M. and four P. M. on that date four trains passed the premises where the fire occurred. One at about 10 o'clock A.M.; one at about 11:15 o'clock A. M., both going east; one at about 11:30 P. M. and one at about two o'clock P. M., both going west. These engines, it appeared from the uncontradicted testimony of the witnesses, were equipped with spark arresters which were "standard" and approved contrivances for the prevention of the emission of sparks, they were not emitting sparks and neither one of them dumped hot ashes or coals upon the track at or near the place in question.

The evidence is insufficient to show that the fire originated in the manner set forth and alleged in the declaration. The plaintiff's case rested upon circumstantial evidence, which consisted of the facts that his place was located near the railroad track, and four engines had passed during the day, and that some engines operated upon that road had been observed at other times to emit sparks of unusual size from the smoke stack. While these facts are consistent with the theory that the fire may have originated in the manner alleged in the declaration, they are not inconsistent with the idea that it may have

originated in any other way in which fires originate. In view, however, of the undisputed testimony of witnesses that the engines which passed the place that day did not emit sparks nor dump burning coals on the track and were each equipped with efficient spark arresters and ash pan devices to prevent the dropping of coals, and managed by competent operators, the evidence is not even consistent with the theory that the fire occurred from the causes alleged.

Section 3148 of the General Statutes, 1906, Section 4964, Revised General Statutes, 1920, provides that a railroad company shall be liable for any damage done to person or property by the running of the locomotives, cars or other machinery of the company, unless the company shall make it appear that its agents have exercised all ordinary and reasonable care and diligence, the presumption in all cases being against the company.

Under this section the burden of proving the injury is on the plaintiff. When that burden has been met the defendant must show absence of negligence. See Seaboard Air Line Ry. v. Smith, 53 Fla. 375, 43 South. Rep. 235.

As the injury in this case was not shown to have occurred by the running of the locomotives, cars or other machinery of the company, no presumption of negligence can be invoked against the company. It cannot be assumed that the injury was done by the defendant. The injury must be shown to have been done by the defendant; it is the thing to be proved; it cannot be impliedly taken for granted. See Florida East Coast R. Co. v. McElroy, 72 Fla. 90, 72 South. Rep. 459; Seaboard Air Line Ry. Co. v. Royal Palm Soap Co., 80 Fla. 800, 86 South. Rep. 835.

It is unnecessary to discuss the remaining assignments of error.

The verdict is not supported by the evidence and the judgment is hereby reversed.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND WEST, J. J., concur.