WALKER D. HINES, U. S. DIRECTOR GENERAL OF RAILROADS, SEABOARD AIR LINE RAILWAY COMPANY, A CORPORATION, *Plaintiff in Error,* v. MONROE VENABLE, *Defendant in Error.*

Opinion Filed May 19, 1921.

1. In an action to recover damages for loss of property alleged to have been destroyed by fire which escaped from a locomotive engine, the burden of showing affirmatively in the first instance that the fire was caused by the defendant in the operation of its train as alleged is upon the plaintiff; and that fact cannot be presumed.

2.  Where the testimony fails to directly connect the defendant
    with the setting out of the fire by which it is alleged that
    plaintiff's property was destroyed, a judgment awarding
    damages to the plaintiff for the property burned will be re-
    versed.

A Writ of Error to the Circuit Court for Alachua
County; L. P. Hardee, Referee.

Reversed.

*Hampton & Hampton,* for Plaintiff in Error;

*W. S. Broome,* for Defendant in Error.

PER CURIAM.—The defendant in error recovered a
judgment against the railroad company for the loss of
property destroyed by fire, in an action wherein it was
alleged that as a result of the defendant's carelessness
and negligence in failing to provide its engine with proper
and necessary appliances, instruments and spark arrest-
ers, that sparks and brands of fire escaped from the
engine and were carried, thrown upon and ignited and
burned plaintiff's property as specifically alleged.   On
writ of error it appears that the testimony adduced in
the transcript of the record does not show by direct testi-
mony or by duly connected probative circumstances that
the property was destroyed by fire that was the result
of the defendant's negligence as alleged.   The burden of
shownig affirmatively in the first instance that the fire
was caused by the defendant in the operation of its train
as alleged was upon the plaintiff; and that fact cannot
be presumed.   Gracy v. Atlantic Coast Line R. Co., 53
Fla. 350, text 364, 42 South. Rep. 903.

The testimony fails to directly connect the defendant with the setting out of the fire; and conjecture cannot supply the necessary evidence. The judgment must be reversed on the authority of Florida East Coast R. Co. v. McElroy, 72 Fla. 90, 72 South. Rep. 459; Seaboard Air Line R. Co. v. Royal Palm Soap Co., 80 Fla. 800, 86 South. Rep. 835; Payne v. McKinnon, 81 Fla. —, 88 South. Rep. 495, decided at this term.

BROWNE, C. J., AND TAYLOR, WHITFIELD, ELLIS AND WEST, J. J., concur.