SEABOARD AIR LINE RAILWAY, A CORPORATION, *Plaintiff in Error*, v. B. A. MINOR AND CLIFFORD H. ANDERSON, SURVIVING PARTNERS OF THE LATE FIRM OF ANDERSON & MINOR LUMBER COMPANY, *Defendants in Error*.

Opinion Filed December 20, 1921.

1. In an action to recover damages for property burned by fire set out or communicated by the negligent operation of a railroad locomotive, it is encumbent upon the plaintiff to show that the damage complained of was in fact caused by the defendant as alleged.

2. When it is duly made to appear that fire was proximately communicated to property by a defendant railroad company in the running of its trains or locomotives as alleged, and that inury resulted as charged, a presumption of negligence on the part of the defendant in causing the damage, is raised by the statute, and the burden is then upon the company to

show by appropriate evidence that its agents "exercised all ordinary and reasonable care and diligence" to avoid the injury complained of.

3. Proof that the fire causing the injury was in fact communicated from the defendant's train or locomotive should be made by positive or affirmative evidence or by testimony from which a reasonably certain inference may be drawn that is not repugnant to the evidentiary facts and circumstances.

4. To support a judgment for damages the evidence should, inherently and when taken in connection with other pertinent facts and circumstances in evidence, produce a reasonable belief of facts essential to a recovery.

5. When evidentiary facts that are essential to a recovery are not clearly established, errors in charges that are calculated to confuse or mislead the jury, may be harmful and may cause a reversal of a judgment in order to preserve fundamental rights or to prevent a miscarriage of justice.

6. The use of machinery and appliances of the most approved character that are in general use and appropriate to the service being rendered and reasonably safe in use under the circumstances in which a railroad is operated, satisfies the requirements of the law as to the defendant's duty.

7. Where the evidence does not clearly establish liability and inapplicable or inaccurate charges that are calculated to mislead or confuse the jury are given, a judgment for the plaintiff may be reversed.

A Writ of Error to the Circuit Court for Lake County; C. O. Andrews, Judge.

Reversed.

*L. W. Duval*, for Plaintiff in Error;

*R. B. Bullock* and *T. S. Trantham,* for Defendants in Error.

WHITFIELD, J.—This action is to recover damages for the burning of a sawmill and other property alleged to have been caused by fire that escaped from a passing locomotive due to the alleged negligence of the defendant rail-road company in not providing proper machinery and appliances, in negligently allowing the fire to escape from the engine and in negligently allowing inflammable material to remain on or near the railroad track which it is alleged communicated fire dropped by the engine to the plaintiff's property. At a former trial a judgment for the plaintiffs was reversed because the trial judge stated in the order denying a motion for new trial that: "It seems to the court that it is most improbable from the evidence, that the fire was caused by the defendant," the holding being that "Where a motion for new trial is duly made, the party making it is entitled to the benefit of the judicial opinion of the trial judge thereon." Seaboard Air Line Ry. v. Anderson, 73 Fla. 1, 73 South. Rep. 837.

At a subsequent trial another judgment was rendered for the plaintiffs. On writ of error it is contended that harmful errors appear in giving and refusing charges and in sustaining the verdict on the evidence.

In an action to recover damages for property burned by fire set out or communicated by the negligent operation of a railroad locomotive, it is encumbent upon the plaintiff to show that the damage complained of was in fact caused by the defendant as alleged. When it is duly made to appear that fire was proximately communicated to the property by the defendant railroad company in the running of its trains or locomotives as alleged, and that

injury resulted as charged, the presumption of negligence on the part of the defendant in causing the damage, is raised by the statute, and the burden is then upon the company to show by appropriate evidence that its agents "exercised all ordinary and reasonable care and dili-gence" to avoid the injury complained of. See Sec. 4964 Rev. Gen. Stats. 1920.

Proof that the fire causing the injury was in fact com-municated from the defendant's train or locomotive should be made by positive or affirmative evidence or by testi-mony from which a reasonable certain inference may be drawn that is not repugnant to the evidentiary facts and circumstances. Mere probability or conjecture will not warrant a recovery; and where it equally appears that the fire may have been caused by the defendant or by another agency for which the defendant is not liable, a recovery is not permitted by the law. To support a judgment for damages the evidence should, inherently and when taken in connection with other pertinent facts and circumstances in evidence, produce a reasonable belief of facts essential to a recovery. When evidentiary facts that are essential to a recovery are not clearly established, errors in charges that are calculated to confuse or mislead the jury, may be harmful and may cause a reversal of a judgment in order to preserve fundamental rights or to prevent a miscar-riage of justice. See Seaboard Air Line Ry. v. Royal Palm Soap Co., 80 Fla. 800, 86 South. Rep. 835; Payne v. Mc-Kinnon, 81 Fla. 583, 88 South. Rep. 495; Florida East Coast R. Co. v. McElroy, 72 Fla. 90, 72 South. Rep. 459; Charlotte Harbor & N. R. Co., v. Orchard, 73 Fla. 986, 75 South. Rep. 533; Gracy v. Atlantic Coast Line R. Co., 53 Fla. 350, 42 South. Rep. 903.

The mill was not in operation the day it was burned.

There is no affirmative testimony that fire escaped from the defendant's engine as it passed the plaintiffs' mill, though one of the witnesses a part owner of the mill, was at the mill when and after the train passed, but not when the fire was discovered. The witnesses who arrived when the mill was burning saw no burning clinkers on the track that may have fallen from the engine that had passed some uncertain time before. It does not clearly appear whether the fire spread from the railroad track to the mill or from the mill to the railroad track. There was no fire on the opposite side of the track. .

The court charged that the law "requires that railroad companies use 'the most approved and up-to-date machinery and appliances that are in use," and imposes "the duty to employ the most approved and up-to-date appliances and machinery of the most approved character."

No qualifying charge of any nature was given as in Jacksonville, T. & K. W. Ry. Co. v. Peninsular Land, Transp. & Manufacturing Co., 27 Fla. 1, 9 South. Rep. 661, though qualified charges were requested, among those offered by the defendant's counsel.

Even if a proper consideration of the evidence adduced required the giving of a charge on the subject of the duty of the defendant company as to the nature of its machinery and appliances, the charge states a greater duty than the law imposes upon the defendant. The use of machinery and appliances of the most approved character that are in general use and appropriate to the service being rendered and reasonably safe in use under the circumstances in which the railroad is operated, satisfies the requirements of the law as to the defendant's duty. See Jacksonville, T. & K. W. Ry. Co. v. Peninsular Land, Transp. & Manu-

facturing Co., *supra,* Tombigbee, etc. v. Howard (Ala.) 64 So. Rep. 338.

As the evidence does not with certainty sustain an inference that the fire was proximately communicated to the mill from the defendant's engine, and as the quoted charges were not correct as matter of law and were not required by the evidence as the case was made, the charges were calculated to confuse or mislead the jury and were harmful in view of the uncertain nature of the testimony as to whether the fire did in fact escape from the engine and reach the mill under circumstances that would render the defendant liable.

Reversed.

BROWNE, C. J., AND TAYLOR, ELLIS AND WEST, J. J., concur.