**PRIDDY et al. v. CHILDERS.**
(No. 327-3677.)

(Commission of Appeals of Texas, Section A. May 31, 1922.)

1. **Appeal and error ⚖➡553(1)—Court's refusal indorsed on request to direct verdict held sufficient bill of exception for review.**

Where, at the close of the evidence, defendant presented a request for directed verdict for insufficiency of evidence which the court refused, and indorsed its refusal thereon, on appeal the ruling should be reviewed under Rev. St. art. 1974, as amended by Acts 35th Leg. (1917) c. 177 (Vernon's Ann. Civ. St. Supp. 1918, art. 1974), providing that an indorsement of the court's refusal on a special charge shall constitute a bill of exceptions to the court's ruling.

2. **Trial ⚖➡181—Statutes regulating charge held inapplicable to peremptory instructions as to sufficiency of evidence.**

Rev. St. art. 1970, as amended by Acts 33d Leg. (1913) c. 59 (Vernon's Sayles' Ann. Civ. St. 1914, arts. 1970 and 1971), providing that on controverted issues of fact determined by jury, the court shall deliver a written charge on the law of the case, and that all objections not presented before this charge shall be waived, does not deal with peremptory instructions as to sufficiency of the evidence.

3. **Appeal and error ⚖➡553(1)—Peremptory instruction held "special instruction" within statute.**

A "special instruction," within Rev. St. art. 1974, as amended by Acts 35th Leg. (1917) c. 177 (Vernon's Ann. Civ. St. Supp. 1918, art. 1974), providing that the court's refusal to charge indorsed on the requested special instruction shall constitute a bill of exceptions, includes a request for a peremptory instruction.

4. **Trial ⚖➡178—Single united request of two defendants held sufficient for consideration of whether either entitled to such instruction.**

Where defendants were sued jointly and filed a joint answer, on a single united request for a directed verdict, it was the court's duty

to consider whether either was entitled to the requested instruction.

**5. Appeal and error** ⊛=1094(1)—**Jurisdiction of Court of Civil Appeals final on question of sufficiency of evidence.**

The Court of Civil Appeals has final jurisdiction over an assignment of error presenting only the question of sufficiency of evidence.

**6. Appeal and error** ⊛=1083(6)—**Question of no evidence held within jurisdiction of Supreme Court.**

An assignment of error that there was no evidence presents a proper question for the consideration of the Supreme Court.

Error to Court of Civil Appeals of Seventh Supreme Judicial District.

Action by F. T. Childers against W. M. Priddy and others. From a judgment for plaintiff affirmed by the Court of Civil Appeals (231 S. W. 172), defendants bring error. Reversed and remanded.

Martin & Oneal, of Wichita Falls, for plaintiffs in error.

Harvey Harris, of Wichita Falls,. for defendant in error.

SPENCER, P. J.  F. T. Childers, defendant in error, sued W. M. Priddy and Dell L. Brasher, plaintiffs in error to recover broker's commissions in connection with the sale of an oil lease.

[1] Upon the conclusion of the evidence and before the court delivered its main charge to the jury, plaintiffs in error presented to the court, and the court refused, as indicated by its indorsement, the following special charge:

"Gentlemen of the jury, you are instructed that the evidence introduced in this case is insufficient to sustain a verdict for the plaintiff, and you will therefore find for the defendants, and so say by your verdict. [Signed] Martin & Oneal, Attorney for defendants.

"Defendants' special instruction No. 1, presented to counsel for plaintiff and the court before the court read his main charge to the jury, and is by the court refused. [Signed] Edgar Scurry, Judge Seventy-Eighth District Court."

Thereafter the court submitted the case to the jury upon special issues, and the answer thereto formed the basis of a judgment in favor of defendant in error. Upon appeal, the Court of Civil Appeals considered the assignment of error based upon the court's refusal to give the peremptory instructions, copied above, and reversed and rendered the cause as to Priddy but affirmed it as to Brasher. Upon rehearing the court decided that it was in error in considering the assignment based upon the court's refusal to give the special charge, because (1) it did not present fundamental error, and (2) the court's action in refusing the special charge was not excepted to or presented by a bill

of exception. Hence it withdrew its original opinion and affirmed the judgment. 231 S. W. 172.

In our opinion, plaintiffs in error are entitled to have the assignment of error considered. They complied with the statute (article 1974 as amended by Act of 35th Leg. c. 177 [Vernon's Ann. Civ. St. Supp. 1918, art. 1974]) in reserving a bill of exception to the court's refusal to give the special instruction. Article 1974 reads:

"When a special instruction is requested and the provisions of this law have been complied with and the trial judge refuses the same, he shall indorse thereon, 'Refused,' and sign the same officially, and such charge, when so indorsed, shall constitute a bill of exceptions and it shall be conclusively presumed on appeal that the party asking said charge presented the same at the proper time and excepted to its refusal, and that all of the requirements of law have been observed, and the same shall entitle the party requesting such charge to have the action of the trial judge in refusing the same reviewed on appeal without preparing a formal bill of exceptions. * * *"

The article as amended very clearly provides that the indorsement on a special instruction by the trial judge of his refusal of the charge shall constitute a′ bill of exceptions to his action in so doing. This is the manner of proceeding pointed out by the Legislature to perpetuate exceptions to the trial court's refusal to give special charges and nothing additional may be required. The statute was intended primarily to simplify. our procedure and lessen the expense of appeals. The imposition of anything additional would avoid the very purpose of the statute.

The Honorable .Court of Civil Appeals held, however that the request for an instructed verdict was in fact not a charge. In support of this conclusion it cites Walker et al. v. Haley, 110 Tex. 50, 214 S. W. 295.

[2] The ruling in that case is not authority for holding that a request for a peremptory instruction is not a special instruction within the purview of article 1974. Article 1970 as amended by the acts of the Thirty-Third Legislature, c. 59, p. 113 (Vernon's Sayles' Ann. Civ. St. 1914, art. 1970), requires that, where there are controverted issues of fact to be determined by a jury, the court shall, unless the right is waived, deliver to the jury a written charge on the law of the case. Article 1971 requires that all objections not presented to the court before the charge is read to the jury shall be considered as waived. Articles 1970 and 1971 deal with the court's charge where there are issues of fact to be determined by the jury. They do not deal, nor purport to deal, with peremptory instructions by the court which only involve rulings by the court on the question of law as to the sufficiency

---

⊛=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

of the evidence with which the jury has no concern.

In Walker v. Haley, the Supreme Court had under review article 1971. It was there determined that a party against whom a peremptory instruction was given was not required to object thereto, as it is not a charge within the meaning of article 1971, but only the means of giving effect to the sustaining of a demurrer to the evidence. The Supreme Court recognized throughout its discussion a distinction between a peremptory instruction and a charge of the court submitting controverted issues of fact to the jury.

[3] At the time article 1974 was amended, the term "special instruction" had acquired a definite legal meaning. It was generally understood by the legal profession to include a request for a peremptory instruction, and, as the Legislature has failed to limit the term so as to exclude requests for peremptory instructions, it will be construed to include such requests.

[4] The fact that there were two defendants (plaintiffs in error here) would not prevent a ruling by the trial court upon the peremptory instruction merely because they united in requesting the instruction instead of making separate requests therefor. They had been jointly sued and had filed a joint answer. The charge was sufficient to direct the court's attention that each of them was calling for a ruling on the question presented by the charge, and if the instruction should have been given as to one of them, but not as to the other, it would have been the court's duty to have modified the charge so as to restrict the peremptory instruction in accordance with his view of the law.

[5,6] Plaintiffs in error insist that, if they are entitled to have the assignment considered, this court should consider it—though it was not considered by the Court of Civil Appeals. It will be observed that the assignment of error presents only the question of the sufficiency of the evidence, and not that there is no evidence. This presents only a question of fact, over which the action of the Court of Civil Appeals is final, and not a question of law over which the Supreme Court has jurisdiction. Wilson v. Freeman, Receiver, 108 Tex. 121, 185 S. W. 993, Ann. Cas. 1918D, 1203. Had the assignment presented the question that there was no evidence, then the Supreme Court would have power to consider it. Sou. Pac. Co. v. Walters, 110 Tex. 496, 221 S. W 264.

We recommend, therefore, that the judgment of the Court of Civil Appeals be reversed, and the cause remanded to that court, with instructions to consider the assignment of error.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.

We approve the holding of the Commission of Appeals on the question discussed in its opinion.