ATLANTA & ST. ANDREWS BAY RAILWAY COMPANY, *Plaintiff in Error*, v. C. WELCH, *Defendant in Error*.

Opinion Filed February 23, 1923.

1. In an action to recover the value of buildings and their contents, alleged to have been destroyed by fire which negligently escaped from a locomotive being run and operated by a railway company, the burden of proving injury is on the plaintiff. But this fact may be proved by circumstances which are inconsistent with any other rational theory than that the fire which destroyed the property resulted proximately from the running of the locomotive.

2. In an action for damages resulting from an injury to the plaintiff's property by the negligent running of the defendant railway company's locomotive, the plaintiff must show injury to have been committed by the running of defendant's locomotive before the presumption of negligent operation of such locomotive arises against the defendant railway company.

3. The provisions of section 4964, Revised General Statutes, make proof of damage by fire from the running of defendant railway company's locomotive prima facie evidence of negligence, and this fact being proved, it devolves upon the railway company to make it appear that its agent or servants have exercised all ordinary and reasonable care and diligence, the presumption being against the company.

4. Where in an action for negligently setting out fires and burning out property, the testimony in behalf of plaintiff shows an escape of sparks of extraordinary size, and in unusual quantities, or far in excess of anything likely, to occur in the ordinary operation of a locomotive duly supplied with modern appliances approved by the test of use, and properly managed by competent operatives, and the evidence in behalf of the defendant shows that the engine was in good condition and supplied with proper appliances for arresting the escape of sparks, and was properly managed by competent operatives, which circumstances are relied on by defendant as showing due care in the operation of the locomotive, and the evidence further shows that sparks of the size and quantity indicated could not have escaped where the engine so supplied with proper appliances is properly managed, and there is a verdict in favor of the plaintiff, and, in effect, affirming negligence upon the part of the defendant, such finding will not be disturbed by an appellate court.

A Writ of Error to the Circuit Court for Jackson County; C. L. Wilson, Judge.

Affirmed.

*Carter, Campbell & Carter*, for Plaintiff in Error;

*Paul Carter and E. C. Welch*, for Dedenfant in Error.

WEST, J.—By this action the plaintiff Welch seeks to recover from the defendant railway company the value of certain several buildings and their contents, destroyed by fires occurring at Cottondale, in Jackson County, on the 16 day of February, 1921, and the 25 day of March, 1921. It is alleged that the fires were communicated to the buildings destroyed from a locomotive of defendant while being operated by it. Pleas of not guilty and that plaintiff was not damaged as alleged were interposed. The verdict was

for plaintiff, Judgment was entered, to review which writ of error was taken. One question only was presented, namely, the sufficiency of the evidence to sustain the verdict.

The ownership, value, and destruction by fires, of the property, are not contested. That the fires were communicated to the buildings from a locomotive of defendant, by it negligently equipped and negligently operated, is contested.

The negligence alleged is that the defendant railway company failed to equip its engines with proper spark arresters and devices to prevent the escape from them of sparks and live coals, and failed to keep its spark arresters in repair, and that in the negligent running and operation of its engines, so negligently equipped and out of repair, fire was emitted from them in the nature of sparks and live coals which set out the fires that destroyed plaintiff's property.

In Payne v. McKinnon, 81 Fla. 583, 88 South. Rep. 495, involving a like question, the court said: "It cannot be assumed that the injury was done by the defendant. The injury must be shown to have been done by the defendant; it is the thing to be proved; it cannot be impliedly taken for granted." But this fact may be proved by circumstances which are inconsistent with any other rational theory than that the fire which destroyed the property resulted proximately from the running of defendant's locomotive. Jacksonville, etc., Ry. Co. v. Peninsular, etc. Co., 27 Fla. 1, 9 South. Rep. 661; F. E. C. Ry. Co. v. Welch, 53 Fla. 145, 44 South. Rep. 250.

No witness testified to having actually seen sparks or live coals emitted from the locomotive of defendant alighting upon either of the buildings, thus transferring the fire

and igniting them. This degree of certainty is not required. The buildings were burned in the day time when it may not have been possible, with the sense of vision, to have followed the fire, transmitted by sparks or live coals or similar agency, in its flight from the locomotive to the building or buildings ignited and destroyed. There was evidence tending to show that both fires were set out by one locomotive, identified by number, being operated by the defendant railway company; that this locomotive had been known to set out several other fires at or near the times and places of these fires by the emission of sparks and coals through its smokestack; that coals emitted by it were of unusual quantity and size (some of which had been collected and preserved and were brought into court by a witness, offered in evidence and exhibited to the jury); that this locomotive at the time of each of the fires was being run by the defendant railway company upon its tracks adjacent to the buildings burned, and near enough, according to the observation of witnesses of other fires set by this locomotive, to have communicated from it to them in the manner alleged fire in sufficient quantity to ignite the buildings; that the wind in each instance was in the direction from the locomotive to the buildings set on fire; that each of the fires originated on the roof of the building on the side next to the running locomotive, remote from any point on the roof where fires would ordinarily originate; that in the building where one of the fires originated there had not been for several days and in the other none for more than an hour; and that the fire in the latter case, in which more than one building was destroyed, was communicated directly from the one upon which it originated to the other burned buildings.

These circumstances are of sufficient probative force to support the conclusion that the injury was done by the

defendant railway company as alleged in the declaration. This having been shown, it devolved upon the railway company to make it appear that it had exercised all ordinary and reasonable care and diligence. F. E. C. Ry Co. v. Welch, *supra;* Jacksonville, etc., Ry Co. v. Peninsular, etc., Co., *supra.* In Jacksonville, etc., Co. v. Peninsular, etc., Co., *supra,* the law pertinent to this issue is epitomized in the eleventh headnote as follows: ''Where in an action for negligently setting out fires and burning property, the testimony in behalf of plaintiff shows an escape of sparks of extraordinary size, and in unusual quantities, or far in excess of anything likely to occur in the ordinary operation of a locomotive duly supplied with modern appliances approved by the test of use, and properly managed by competent operatives, and the evidence in behalf of the defendant shows that the engine was in good condition, and supplied with proper appliances for arresting the escape of sparks, and was properly managed by competent operatives, which circumstances are relied on by defendant as showing due care in the operation of the locomotive, and the evidence further shows that sparks of the size and quantity indicated could not have escaped where the engine so supplied with proper appliances is properly managed, and there is a verdict in favor of the plaintiff, and, in effect, affirming negligence upon the part of the defendant, such finding will not be disturbed by an appellate court.''

There was evidence on behalf of defendant that its locomotive which, according to the evidence of plaintiff's witnesses set out the fires resulting in the injury to plaintiff, was equipped with modern appliances in general use and was at the time being operated with due care by defendant's agents. But upon this issue of fact the jury found for the plaintiff. Having determined that the evidence

adduced is legally sufficient to support the verdict, the judgment will be affirmed.

Affirmed.

TAYLOR, C. J., AND WHITFIELD, ELLIS AND BROWNE, J. J., concur.