SEABOARD AIR LINE RAILWAY, COMPANY, A CORPORATION, *Plaintiff in Error,* v. MRS. L. L. CHARPIA AND HER HUS-BAND, H. E. CHARPIA, *Defendants in Error.*

### Division B.

1. In an action to recover damages for loss of property alleged to have been destroyed by fire which escaped from a locomotive engine, the burden of showing affirmatively in the first instance that the fire was caused by the defendant in the operation of its trains as alleged is upon the plaintiff; and that fact cannot be presumed.

2. Where the testimony fails to directly connect the defendant with the setting out of the fire by which it is alleged that plaintiff's property was destroyed, a judgment awarding damages to the plaintiff for the property burned will be reversed.

Reversed.

*Hampton & Hampton,* for Plaintiff in Error;

*John R. Willis* and *Fred Cubberly,* for Defendants in Error.

WHITFIELD, P. J.—The first count of the declaration herein alleges that the plaintiff "Mrs. L. L. Charpia, was

the owner of a certain building  *  *  *  and was in possession of said building and occupying said building, as a mill and a place of storage of machinery, mill supplies, engines, boilers, and other goods and chattels, the property of the plaintiff, Mrs. L. L. Charpia, and in said building and on said property, she had stored a large quantity of goods, wares, chattels and machinery, as will appear by reference to the bill of particulars attached to this declaration, and made a part hereof, and marked Exhibit No. 1. And although it was the duty of the defendant to so operate its said railroad and its locomotive engines running thereon, and to use due and proper care to provide its said engines with all proper and necessary appliances, instruments, and spark-arresters, that fire should not be communicated from its engines to buildings and other property along its said line of railroad, yet the said defendant, not regarding its said duty, and not using due and proper care in that behalf, and not so providing its engines, locomotives, etc. with proper and necessary appliances, instruments and spark-arresters, did, on to-wit: The 17th day of August, A. D. 1917, through and by its agents, servants and employees, negligently and carelessly run and operate one of its said engines over and along its side line of railroad track near the said building of plaintiff, Mrs. L. L. Charpia, and as a result of defendant's negligence in so failing to perform its said duty, and so provide its said engines with proper and necessary appliances, instruments and spark-arresters, sparks and brands of fire escaped from the smoke stack of such engine, and were carried and thrown upon, and in, and ignited the said building of the plaintiff, Mrs. L. L. Charpia; and said building and its contents, without any fault of the plaintiff's, was then and there entirely consumed and destroyed, and by such burning of said building and the contents thereof, the property of the plaintiff,

Mrs. L. L. Charpia, of the value of $7,000.00, were then and there burned, consumed and wholly lost to the plaintiffs.''

The second count alleges that ''the defendant carelessly and negligently managed and operated one of its locomotives engines while drawing and switching in said town, that fire escaped from said locomotive and set fire to a building belonging to the plaintiff, Mrs. L. L. Charpia, and situated near the track of defendant, in said town, and said building was burned by said fire, and the contents of said building, as shown by the Bill of Particulars, attached to and made a part of this declaration, were burned and destroyed, and wholly lost to the plaintiff, Mrs. L. L. Charpia, said building and the contents being of the value of $7,000.00.''

The defendant pleaded not guilty, contributory negligence and ''that the plaintiff is not the owner of the property sued for.''

Verdict and judgment awarding the plaintiff $3,000.00 and interest as damages being rendered, the defendant took writ of error.

While the declaration alleges that Mrs. L. L. Charpia was the owner of the building, her ownership of the contents of the building is not directly alleged, and an inference of ownership by her of such contents may be regarded as being at least uncertain.

The probative force of the testimony tends to show that the contents of the building belonged to the husband, though the building may have belonged to the wife who had title to the land on which the building was erected by the husband. 26 C. J. 674; 13 Am. & Eng. Ency. Law (2nd ed.) p. 639.

The evidence does not directly or by circumstances of sufficient probative force show with any degree of certainty that the fire was proximately caused by the negligent escape of sparks from the defendant's engine so as to

justify the verdict for the plaintiffs notwithstanding the evidence that the defendant's employes "exercised all ordinary and reasonable care and diligence" in the premises. Sec. 4964, Rev. Gen. Stats. 1920.

In an action to recover damages for loss of property alleged to have been destroyed by fire which escaped from a locomotive engine, the burden of showing affirmatively in the first instance that the fire was caused by the defendant in the operation of its train as alleged is upon the plaintiff; and that fact cannot be presumed.

Where the testimony fails to directly connect the defendant with the setting out of the fire by which it is alleged that plaintiff's property was destroyed, a judgment awarding damages to the plaintiff for the property burned will be reversed. Hines v. Venable, 81 Fla. 754, 88 South. Rep. 703; Payne v. McKinnon, 81 Fla. 583, 88 South. Rep. 495; Seaboard Air Line Ry. v. Royal Palm Soap Co., 80 Fla. 800, 86 South. Rep. 835; Florida East Coast R. Co. v. McElroy, 72 Fla. 90, 72 South. Rep. 459; Charlotte Harbor & N. R. Co. v. Orchard, 73 Fla. 986, 75 South. Rep. 533.

The evidence in this case does not show the fire was proximately caused by sparks negligently permitted to escape from the defendant's locomotive as in Jacksonville, T. & K. W. Ry. Co., v. Peninsular Land, Transp. & Manuf'g. Co., 27 Fla. 1, 9 South. Rep. 661; St. Johns & H. R. Co. v. Ransom, 33 Fla. 406, 14 South. Rep. 892; Florida East Coast R. Co. v. Welch, 53 Fla. 145, 44 South. Rep. 250; Atlanta & St. Andrews Bay Ry. Co. v. Welch, 85 Fla. 203, 95 South. Rep. 570.

Reversed.

STRUM AND BROWN, J. J., concur.

WEST, C. J., AND ELLIS AND TERRELL, J. J., concur in the opinion.