**JULES J. COLLE v. ATLANTIC COAST LINE RAILROAD COMPANY, a corporation, et al., and**

**BELGIAN AZALEAS, INC., a corporation, v. ATLANTIC COAST LINE RAILROAD COMPANY, a corporation, et al.**

14 So. (2nd) 422            June Term, 1943

July 2, 1943            Division B

Rehearing Denied July 24, 1943

*Garland W. Spencer* and *Herschel O. Moats,* for appellants.

*Leroy B. Giles* and *W. B. Parks,* for appellees.

THOMAS, J.:

The actions of Jules J. Colle and Belgian Azaleas, Inc., a corporation, were based upon the same set of facts, conse-

quently, they were consolidated and tried as one. No distinction appearing in the record except in the ownership of the property, for the destruction of which the plaintiffs sought damages, we will, in our discussion, deal with the question involved as if a single suit had been instituted.

It was charged in the declaration that the defendant, Atlantic Coast Line Railroad Company, operated trains on a track maintained by it in Seminole County, near Casselberry, Florida, and that on a specified day "the defendants carelessly and negligently communicated fire [to the property of the plaintiffs] by and from a certain locomotive engine, which . . . was then and there operated by the defendants upon said railroad track of the defendant, Atlantic Coast Line Railroad Company . . . ." As will be noted from the italics which we have inserted the plural was used however there was special reference only to the railroad company. Although the name of the defendant C. C. Fisk appears in the introductory paragraph of the declaration there was no description of him in that pleading. In the bill of particulars the plaintiffs represented that their property was destroyed because live embers, allowed to emit from the engine of a train operated by the defendant, "Atlantic Coast Line Railroad Company, and C. C. Fisk as the engineer in charge of said train," settled upon the property and set it afire.

The cases were tried upon declaration and plea of not guilty.

The plaintiffs introduced testimony showing that their property was situated about one hundred and twenty feet from the railroad track. On it they grew flowers under a shelter composed of lath and covered with "tobacco cloth." At the time the train of the defendant railroad company passed a wind of considerable velocity was blowing from the direction of track towards the plaintiffs' property and as it passed "a large volume of smoke with particles of hard dust and little cinders" blew over the shed. Within two minutes the tobacco cloth was aflame. This story was related by the plaintiff Colle and a laborer who was working on the place at the time. Colle and his assistant immediately attempted to extinguish the fire with a small hose, the only apparatus

available. He tried to summon aid, but could not reach the telephone because a shed, where it was located was afire also. A neighbor discovered his plight and called the fire department of a nearby town. Property, valued at several thousand dollars, was destroyed.

The plaintiffs introduced as a witness the chief clerk to the superintendent of the Jacksonville district of the railroad company who stated that the train was a "double-header,"— one engine was driven by the defendant C. C. Fisk and the other by one J. R. Lyles—and that both locomotives were "coal-burners."

Whether the plaintiffs first learned from their own witness during the trial of the cause about the presence of another engineer does not appear; at any rate, no effort whatever was made to remedy the situation and at the conclusion of all their testimony the judge granted the motion of the defendants for an instructed verdict. The record discloses his view "that the evidence fails to carry the burden cast upon the plaintiffs of establishing the actual setting of the fire by the railroad company or any of its agents. . ."

Thus, giving the observation of the trial judge a literal construction it would seem that the question for our determination is quite simple, but it is complicated because of the distinction between the rules of evidence which should be applied to the corporation, railroad company, and the individual, engineer. Obviously, it would have been impossible for the jury to decide which engine emitted the sparks causing the damage. In this circumstance the trial judge was thoroughly warranted in instructing the jury to find the engineer Fisk not guilty. So far as the defendant-railroad company was concerned, it was plaintiffs' task to establish in the first instance that they had suffered injury directly caused by the operation of the company's locomotive. Payne v. McKinnon, 81 Fla. 583, 88 So. 495. This could have been established by circumstantial evidence, Jacksonville, T. & K.W. Ry. Co. v. Peninsular Land, Etc., Co., 27 Fla. 157, 9 So. 661, although no conjecture could have been indulged in favor of the plaintiffs in their effort to prove that the fire was translated from the locomotive to the property, Seaboard

Air Line Ry. v. Minor, 82 Fla. 492, 90 So. 611. If the evidence showed or tended to show that the fire was actually caused by sparks from the locomotive, a presumption of negligence on the part of the railroad company then arose under the statute (Section 7051, C.G.L., 1927) and the burden of establishing the exercise of reasonable care and diligence on the part of the company shifted to the defendants, Atlanta & St. A. B. Ry. Co. v. Welch, 85 Fla. 203, 95 So. 570.

Even though we have the view that the plaintiffs did not prove negligence on the part of the individual engineer we believe that their evidence did show or tend to show that the fire causing the damage was set by sparks from the engine or engines of the defendant-railroad company's train. Moreover, as has been repeatedly held by this Court each of the defendants by the motion for directed verdict admitted all facts stated in evidence and reasonable conclusions and inferences therefrom favorable to the plaintiffs. Wager v. East Coast Hospital Ass'n., et al., 105 Fla. 547, 141 So. 743; Merchants' Transp. Co. v. Daniel, 109 Fla. 496, 149 So. 401. It is true that no one actually saw sparks leave the engines; saw them land upon the shed; or saw them fanned into flame by the high wind, but the appearance of fire in the tobacco cloth, doubtless highly inflammable, within two minutes after the shed was flooded with smoke, dust and small cinders, to our mind, justified the inference, devoid of speculation or conjecture, that sparks from the locomotive caused the blaze.

The question which at first appeared simple is further complicated because of the effect on the status of the case against the corporation of the ruling in favor of the individual. Plaintiffs below, appellants here, take the position that the motion should not have been granted as to both defendants simply because it developed that another engineer was operating an engine attached to the train. On the other hand, the appellees insist that under the doctrine of respondeat superior, it appearing that the engineer was actually the employee of the company, although that is not alleged in the declaration and is discernible only from the bill of particulars, the decision in Williams v. Hines, 80 Fla. 690, 86 So. 695, applies and there can be no responsibility on the

part of the company in the absence of proof that the employee was negligent. It was decided in that case that where damages are sought from an employer and an employee, due to the negligence of the latter, and he is exonerated there can be no liability on the part of the former. We will not attempt to alter in anywise the declaration of that legal principle, which is patently sound. One should not be held responsible for negligence of an agent where it has been determined that the negligence did not, in fact, occur. Evidently the main factor in the announced principle is the sole guilt of the employee for the negligence committed; for instance, in that case an engineer so operated his engine that it struck a train injuring a passenger and, of course, any negligence was attributable to the performance of the employee. When he was exonerated the foundation for the action failed.

In this case it cannot be said that the fire resulting in damage was directly traceable to the negligence of the company's engineer in the operation of the train. For aught the evidence shows it may have resulted solely from defective equipment furnished by the company. It was alleged that "the defendants carelessly and negligently communicated fire . . . by and from a certain locomotive engine . . . then and there operated by the defendants . . . ." The defendants were charged as joint tortfeasors and were severally and jointly liable. The plaintiffs could take a judgment against one of the defendants or both. Anderson v. Crawford, 11 Fla. 381, 149 So. 656.

We have already expressed the opinion that there was sufficient evidence to bring into play the presumption against the railroad company under the statute which we have quoted. In this situation the action of the judge in granting the motion of both defendants for an instructed verdict was erroneous because the motion was not well founded so far as it related to the company. Priddy v. Childers, Tex., 240 S.W. 1107; Pennsylvania Steel Co. v. Wilkinson, 107 Md. 574, 69 A. 412, Alabama Great Southern R. Co. v. Alsup, 101 F. 2d 175.

The trial of plaintiffs' claim against the railroad company as lone defendant should have continued after the individual defendant was eliminated on the motion.

Reversed.

BUFORD, C. J., TERRELL, CHAPMAN, ADAMS and SEBRING, JJ., concur.

BROWN, J., dissents.

BROWN, J., dissenting:

The declaration, both in its caption, and in its allegations, clearly shows that the action is brought against both the Railroad Company and C. C. Fisk. The charge of negligence is that: "the defendants carelessly and negligently communicated fire to said lands in the possession of the plaintiff *by and from a certain locomotive engine,* which locomotive engine was then and there *operated by the defendants* upon said railroad track of the defendant, Atlantic Coast Line Railroad Company, which fire so communicated spread over the lands," etc. (Italics supplied.)

Thus the declaration alleges that the fire was negligently communicated to plaintiff's property by and from an engine which was then and there being operated by the Railroad Company and C. C. Fisk. As to the particular negligence thus complained of, which related alone to the engine *operated by co-defendant Fisk,* the legal effect to the declaration was to charge the two defendants as joint tort feasors. That this was the purpose and intent of the language used in the declaration is emphasized by the language used in the plaintiff's bill of particulars.

But the evidence showed that this train was being pulled by two coal-burning engines, one of which was in charge of and being operated by the defendant C. C. Fisk, and the other being in charge of and operated by J. R. Lyles, another engineer. It is impossible to tell from this evidence from which of these two engines the live embers or cinders testified about were being emitted as the train passed by plaintiff's property, but the declaration confines plaintiff to showing by the evidence that they were emitted by the engine which was being operated by Fisk, or, at least, by both of said engines. No such showing was made. The evidence is silent on this point. So, on this evidence the jury could not properly have returned a verdict against either the Railroad Company or

Fisk, or both, without basing such verdict upon pure guesswork and conjecture. The declaration is predicated upon the negligent communication of fire to plaintiff's property from the engine driven by co-defendant Fisk, whereas, for all the evidence shows, it might well have been that the fire was communicated from and by the engine which was being driven by Lyles, the other engineer, and the declaration does not charge either the Railroad Company or Lyles with any negligence whatever with regard to the operation of that engine.

It is axiomatic that a plaintiff is confined to the cause of action alleged in his declaration, and no recovery can be had for any negligence other than that alleged therein.

So, there was no error committed by the trial judge in granting the motion of the defendants for an instructed verdict in their favor.