HENDRY, Chief Judge.
This is an appeal by the defendants from a final judgment entered upon a jury verdict in favor of the plaintiff, Trans-Continental Traffic Service Bureau, Inc.
The plaintiff filed a complaint charging United Metal & Steel Corporation, its president, Bernard Kramarsky, Port Everglades Terminal Company, Inc. and its president, Warren T. Eller with: (1), conspiring to tortiously interfere with the contract rights of the plaintiff; (2), tortious interference with a contract; and (3), conspiring to libel the plaintiff. The complaint contained a fourth count charging Port Everglades with libel and slander. An amended complaint wp.s filed adding two counts against the defendants: (5), negligence; and (6), gross negligence. Prior to trial the court struck counts three, four and five.
Plaintiff’s suit was based on contracts between it and a group of scrap dealers in which the plaintiff agreed to attempt to secure a reduction in freight rates between Miami and Port Everglades Junction. Plaintiff claims that after the reduction was obtained United Metal & Steel Corporation, one of the scrap dealers, through its officer, Kramarsky, requested Port Everglades Terminal Company, Inc. to write letters claiming that they and not the plaintiff were responsible for the reduction. The plaintiff further claims that such letters were written over the signature of' the defendant, Eller, and contained information which was knowingly false as a result of which the scrap dealers were able-to avoid payment of their obligations under the contracts.
The defendants contend that the court erred in denying their motion for a directed verdict and in failing to grant a new trial' on the ground that the court made unfair and prejudicial comments in the presence-of the jury. The defendants further contend that the court committed reversible error in refusing to furnish the jury with-separate verdict forms as to each of the-several defendants.
From a review of the record we-have determined that there is sufficient evidence on which the jury could lawfully find for the plaintiff,[1] and, therefore, the court was correct in denying the defendant’s motion for a directed verdict.[2]
The plaintiff, during its case in-chief, called the defendant, Kramarsky, as a witness. Kramarsky was cross-examined by Mr. Young, counsel for the defendants Port Everglades and Eller. Following this,. Mr. Hoffman, counsel for Kramarsky, announced he had no questions. At this point the following colloquy ensued:
“THE COURT: You see, by that kind of cross examination, Mr. Hoffman doesn’t cross-examine his own client, and Mr. Young doesn’t cross-examine his other client.
“MR. YOUNG: That is unfair to the defendant and prejudicial to the defendant Port Everglades and Mr. Eller.
*503 “THE COURT: It is nothing but the truth. Here is a man who didn’t even cross-examine that witness at all. Mr. Hoffman steps aside, let’s you move in and do the cross examination.
“MR. YOUNG: Are you inferring, sir, that there was a collusion between' us?
“THE COURT: I am inferring exactly what I said. I am telling you what I saw and what I heard, and that is why I raised the point a moment ago.
This man didn’t even ask his own client one question. You did all the cross for him.
“MR. YOUNG: And I think he has a right not to ask questions of his witness. You are prejudicing the jury against the witness.”
Thereupon, the court inquired of each juror whether the court’s remarks had prejudiced him against any witness, and each juror replied, “No.”
The court’s remarks made it appear that the trial tactics of the defendants’ counsel were cunning and unfair. This court has held that, “Even if exposed to great provocation, the trial judge is not thereby justified in accusing a party’s lawyer of unfairness or in holding him up to contempt before the jury, and should not show hostility to him or otherwise treat the attorney so as to prejudice the interests of his client.”[3] We are of the view that the remarks of the court were clearly and materially prejudicial to the defendants’ rights. They were particularly harmful inasmuch as the case at bar involves an alleged conspiracy among the defendants.
Over the objection of the defendant, the trial judge furnished the jury with only two forms of verdicts. Under one form, which was subsequently used by the jury, all of the defendants could be held liable. Under the other form all of the defendants could be held not guilty.
In actions where the defendants are charged as joint tortfeasors, the jury may find in favor of one and against other defendants.[4] Under the common law, an unlawful conspiracy depended on the guilt of two or more. However, “The common law writ of conspiracy has been supplanted by the remedy of action on the case (the gist of which is the injury done) in the nature of conspiracy under which a judgment may be entered against one or more and the others may be acquitted.”[5] A trial judge’s order granting a new trial because the form of the verdict prepared by the court and submitted to the jury was evidently misleading, was reversed by the Supreme Court in a situation similar to the case at bar only in that the court prepared two forms of verdict — one to be used if the jury found for the plaintiffs, and another if they found for the defendant.[6] The Supreme Court disagreed with the trial judge’s conclusion that the jury was misled or that confusion resulted, and found that any exception to the form was waived as no objection was made.
In the instant case, the trial judge told the jury that, “Forms of verdict will be handed to you. You will execute only such form or forms as fits the verdict which you intend to return. * * * I expressly invite you to read these forms of verdict before you start executing one of them to be sure that you understand them. *504 * * * [Y]oti must look at the effect of these verdicts before you execute them.”
We are not satisfied that the jury was not misled into believing that it was necessary to find either for or against all the defendants. We have determined that in this situation it was error for the court, over the objection of the defendants, to submit to the jury only two forms of verdict.
For the reasons outlined above, we have concluded that the court committed reversible error for which a new trial should be granted.
Accordingly the judgment is reversed and the cause is remanded for a new trial.
Reversed and remanded.

. Hunter, Lyon, Inc. v. Walker, 152 Fla. 61, 11 So.2d 176 (1942); Regan v. Davis, Fla.App.1957, 97 So.2d 324.

. Duval Laundry Co. v. Reif, 130 Fla. 276, 177 So. 726 (1937); Brookbank v. Mathieu, Fla.App.1963, 152 So.2d 526.

. Skelton v. Beall, Ma.App.1961, 133 So. 2d 477, 481, 94 A.L.R.2d 820; see also: Giglio v. Valdez, Fla.App.1959, 114 So. 2d 305.

. Colle v. Atlantic Coast Line R. Co., 153 Fla. 258, 14 So.2d 422 (1943); H. E. Wolfe Const. Co. v. Ellison, 127 Fla. 808, 174 So. 594 (1936); Osborne v. Shell Oil Co., Fla.App.1958, 104 So.2d 670.

. Dr. P. Phillips & Sons, Inc. v. Kilgore, 152 Fla. 578, 12 So.2d 465, 466 (1943).

. Atlantic Coast Line R. Co. v. Price, Fla.1950, 46 So.2d 481.