## BENJAMIN T. O. HUBBARD

*v.*

## THOMAS RANKIN, SR.

1. FRAUD AND CIRCUMVENTION—*defense of, good against bona fide purchaser of note.* If the execution of a promissory note is obtained by fraud and circumvention, it is void even in the hands of a *bona fide* holder, and whether such holder had notice of the defense or not, is wholly immaterial, and it is also immaterial whether the maker offered to restore what he received under the contract he supposed he was making.

2. SAME—*what amounts to.* If a person is induced to sign a paper under the belief it is for his appointment as agent to sell a patent right, which in fact turns out to be a promissory note, which he had no idea of executing, and he is guilty of no negligence on his part, the note will be void, as having been obtained through fraud and circumvention.

3. EVIDENCE—*preponderance does not depend upon the number of the witnesses.* It does not follow, from the fact that two witnesses to the same transaction testify in direct opposition to each other, that there is no preponderance of evidence in favor of the party holding the affirmative of the issue, as such a rule would rob the jury of their peculiar province of judging of the credibility of the witnesses.

APPEAL from the Circuit Court of Warren county; the Hon. ARTHUR A. SMITH, Judge, presiding.

This was an action of assumpsit, by Hubbard against Rankin, upon a promissory note, which was indorsed to the

plaintiff. The defendant, in his pleas, set up that the execution of the note was procured through fraud and circumvention. The other material facts are sufficiently stated in the opinion of the court. The defendant recovered judgment for costs, and the plaintiff appealed.

Mr. JOHN J. GLENN, for the appellant.

Messrs. STEWART, PHELPS & STEWART, for the appellee.

Mr. JUSTICE McALLISTER delivered the opinion of the Court:

The real question tried was, whether the execution of the note sued on was obtained by fraud or circumvention. Appellant sued as assignee. If the execution of the note was obtained by fraud, it was immaterial whether appellant had notice of the defense or not, and it was immaterial whether appellee offered to restore everything he received under the contract he supposed he was making. If so obtained, the instrument was simply void, because appellee never made it. The mind did not accompany the act, and the statute authorizes the defense to be made against a *bona fide* holder.

Appellee appeared before the jury and gave evidence touching the transaction. It purported to be the act of merely appointing him as agent for the sale of Pool's Patent Grain Separator. As he states it, no note was mentioned, and, on his part, thought of or intended. The evidence, on his part, tends to establish every element of the defense, and the absence of negligence. It is true, the deposition of Davis, the man who perpetrated the fraud, if there was one, was taken in Kansas, and his version of the affair is in conflict with that of appellee. But the latter was before the jury, and his appearance and manner may have been well calculated to inspire confidence in the jury as to the truth of his testimony. The other was absent. The jury could not see him, and he was under the motive of self-exculpation. Counsel says,

there was no preponderance of evidence for appellee.   A rule which places all witnesses upon the same arbitrary plane, which ignores all actual distinction between the honest and vicious, between the veracious and mendacious, upon the witness stand, and says to the jury: "if two witnesses to the same transaction testify in direct opposition to each other, you are not at liberty to use your experience and knowledge of human nature in determining which of the two should be believed, but you must find against the one having the affirmative of the issue,"—such a rule, we say, robs the jury of their most important function, and would practically render the administration of justice, through the jury system, devoid of the means of sifting truth from falsehood, and nullify one of the oldest maxims of the common law, that, as an incident of their province to determine facts, the credibility of witnesses is peculiarly a matter for the jury.

Upon the essentials of the case, the law was correctly given in the instructions.

We are of opinion substantial justice has been done, and the judgment should be affirmed.

*Judgment affirmed.*