MEINHARDT BROS. & CO., APPELLANTS, VS. SOLOMON MODE, APPELLEE.

1. When the verdict of the jury is clearly against the evidence, a new trial should be granted.
2. A charge of the court which may have misled the jury, and which may have caused the jury to arrive at a wrong conclusion, is cause for reversal.

Appeal from the Circuit Court for Duval county.

The facts of the case are stated in the opinion of the court.

182 SUPREME COURT.

Meinhardt Bros. & Co. vs. Mode—Opinion of Court.

*Call & Jones, C. P. and J. C. Cooper* for Appellants.

No counsel appearing for Appellee.

MITCHELL, J.: The case before us has been before this court before, (Meinhardt Bros. & Co., vs. Solomon Mode, 22 Fla., 279). The case then stood upon appeal from the Circuit Court by Meinhardt Bros. & Co., who were plaintiffs in the court below, and it was reversed, the court holding that Mode, the Appellee, was liable upon his telegram of the 17th of October, 1882, in which he authorized the plaintiffs to draw on Hannah Mode for amount of judgment in favor of Kaufman vs. Myers, $227.83. The cause was again tried and resulted, as before, in a verdict for defendant, and is again here upon appeal.

The pleadings at the last trial were identical with the pleadings at the former, except that subsequent to the former trial the defendant had filed an additional plea in which he set up that said telegram of the 17th of October, 1882, was obtained through false pretense communicated through said telegram to the defendant by the plaintiffs.

This plea, if sustained by the evidence, was a complete bar to the action, but was it sustained? The alleged false pretense, so communicated to the defendant, consisted, as contended by the defendant, in that the payment of said sum of money to Kaufman would relieve one Myers, who was mutually indebted to plaintiffs and Mode Bros., of the necessity of making an assignment of his property, when in truth and in fact said assignment was then made, and made to the advantage of the plaintiffs, and that the existence of the assignment was fraudulently concealed from the defendant, and that there was no necessity for Myers to make the assignment. The evidence shows that Myers was engaged in mercantile business at Palatka, Fla., whence

the telegram of the 16th of October, 1882, was sent to Mode Bros. by Hess, agent for plaintiffs, and that Kaufman, Myers and the plaintiffs, by Hess, were the only parties to the transactions under consideration, then present. That they were present on the ground at the time, and in a position to know what was transpiring in regard to the transactions between Kaufman and Myers, will not, we think, be disputed. Hess states that *before* he sent the telegram of October 16th, 1882, to Mode Bros., the Sheriff had taken possession of Myers' stock of goods, and that at the time he knew nothing of any assignment; that he was the agent of plaintiffs, and that he had nothing to do with forcing Myers to assign. If Hess' testimony was not true that fact was susceptible of proof. As shown by the testimony, Myers was present at the time the transactions testified to by Hess occurred, and that he, Myers, was a brother-in-law of the defendant, and there is nothing to show that the relations between Myers and Mode were not of the most friendly character; and if Hess misstated any fact in regard to the seizure of Myers' goods by the Sheriff, of the assignment made by Myers, or the sending of the telegram of the 16th of October, Myers was in a position to know that fact, and if any of the statements of Hess in regard to said transactions were untrue, that fact could have been shown by the testimony of Myers, and yet the defendant did not produce Myers as a witness in the case, and it is reasonable to conclude therefrom that Myers would, if produced as a witness, have corroborated the evidence of Hess. By the testimony the additional plea was entirely overthrown, and the case then stands as if said additional plea had never been filed. The testimony at the last trial was substantially the same as at the former, and as this court held in Meinhardt Bros. & Co. vs. Mode, *supra,*

that the verdict of the jury in the former trial was against the evidence, we can but hold to the same opinion now. We see no cause for changing it.

The record shows the Circuit Judge gave two charges, or paragraphs of the same charge, to the jury at the trial, both at the instance of the defendant. The second of these charges was withdrawn by the defendant, and hence it will not be considered.

This second charge, as we understand it, was intended to apply to the question as to whether the defendant, or Mode Bros., were liable upon the telegram of October 17, 1882, and the charge being withdrawn, counsel for appellants contend that all the testimony and the charge (which was withdrawn) in relation to Mode Bros.' connection with the transaction, should have been stricken out by the Circuit Court, but if so, motion to have the charge and testimony stricken out should have been made at the trial. It is too late now to object that they were not stricken out.

Appellants' counsel contend that the said first charge of the court intimated to the jury what their verdict should be, and that the charge was misleading. Upon a fair consideration of the charge, the contention that it intimated to the jury what their verdict should be, is not sustained; but, in our judgment, the charge, taken as a whole, may have misled the jury in this, as this was the only charge given, there being no instruction as to what would constitute a "false pretence" or misrepresentation on the part of the plaintiffs, which, it is contended, induced the defendant to send the telegram of the 17th of October, authorizing plaintiffs to draw on Hannah Mode for the amount of the Kaufman judgment. Nor was there any instruction that if the telegram was not procured through false pretence, &c., as contended, the defendant was bound thereby, in case the plaintiffs had, on the strength of said telegram, taken

up and settled the judgment against Myers in favor of Kaufman. Nor is there anything in the charge which, under any given circumstances, would authorize the jury to find for the plaintiffs to the amount of the Kaufman judgment, which was calculated to mislead the jury.

As the case will have to be reversed, for the reason that the verdict was against the evidence, and that the charge of the court may have misled the jury, we do not think it necessary to consider the other questions raised therein.

The judgment is reversed.