EUPHEMIA KELLIHER AND PATRICK F. KELLIHER, HER HUS-
BAND, *Appellant,* v. FRANCIS J. KENNARD, *Appellee.*

Opinion Filed May 10, 1918.

Petition for rehearing denied June 17, 1918.

1. A bill in equity which prays that a married woman's separate
statutory property may be charged to pay for the price of
services performed in preparing plans and specifications
for a building to be erected upon a lot owned by her is de-
murrable for lack of equity if it fails to allege that the build-
ing was erected upon the lot or that the amount due was
upon an agreement made by her in writing for the benefit
of her separate property.

2. A married woman is not bound *in personam* by her contract,
but her separate property may be charged in equity and sold
for its purchase money or for money or labor expended in im-
proving it or upon an agreement in writing made by her for
its benefit.

Appealed from Circuit Court for Hillsborough County,
F. M. Robles, Judge.

Order reversed.

*Wm. Hunter,* for Appellant.

*McMullen & Petteway,* for Appellee.

ELLIS, J.—Appeal from an interlocutory order over-
ruling a demurrer to the bill of complaint of Francis J.
Kennard against Euphemia Kelliher and her husband
Patrick F. Kelliher in which the separate statutory prop-
erty of Euphemia Kelliher consisting of a lot in Tampa,
Florida, was sought to be charged in equity and sold for

the value or price of certain plans and specifications for a building to be erected on the lot which plans and specifications were prepared by the complainant at the request of both defendants. The demurrer was addressed to the entire bill and was based upon the ground that the bill was without equity, that no lien upon the property was created by the service and that there was no allegation that the money was due upon an agreement made by Euphemia Kelliher in writing for the benefit of her property.

. The demurrer was overruled and the defendants appealed.

The order of the Chancellor was erroneous. The lot described was the separate statutory property of Euphemia Kelliher, a married woman. The bill does not allege that the building was erected upon the lot, nor that the money is due upon an agreement made by her in writing for the benefit of her separate property nor that there was a purchase of the plans and specifications as such. The allegations show merely an employment of the complainant.

Article XI of the Constitution prescribed the conditions under which the separate real property of a married woman may be charged in equity and sold. If a building had been erected upon the premises and the plans and specifications prepared by complainant had been utilized in the construction of the building, or if the money was due upon an agreement in writing made by Euphemia Kelliher for the benefit of her separate property a different case would be presented not without equity. To hold that a married woman's property is subject to be charged in equity and sold for the price of building plans verbally ordered by her husband and never used is to give more elasticity to the constitutional provisions of the Article

above referred to than we think they possess.  The purpose of the Constitution as its language indicates was to subject a married woman's property to the payment of debts incurred by her or with her knowledge or assent, in the improvement of such property, and not to the payment of debts due upon her contracts, for services, unless the same were made by her in writing for the benefit of her separate property.  See Nadel v. Weber Bros. Shoe Co., 70 Fla. 218, 70 South. Rep. 20.

So far as the bill alleges to the contrary the amount that may be due to the complainant for the plans rests solely upon a verbal promise of the husband assuming to act for his wife also.

A married woman is not bound *in personam* by her contract, but her property may be charged in equity and sold for its purchase money or for money or labor expended in improving it or upon agreements in writing made by her for its benefit.  The bill makes no such case and the demurrer should not have been overruled.

The order is reversed·

BROWNE, C. J., AND TAYLOR, WHITFIELD AND WEST, J. J., concur.