TAMPA ELECTRIC COMPANY, A CORPORATION, *Plaintiff in Error*, v. ELMA BARBER, *Defendant in Error*.

### Opinion Filed March 25, 1921.

In an action under the statute against a railroad or street car company to recover compensation "for any damage done" to persons or property by the running of the company's cars, where the verdict is for the plaintiff and the preponderance of the testimony tends to "make it appear that the agents of the defendant company exercised all ordinary and reasonable care and diligence," in the premises, a new trial should be granted.

A Writ of Error to the Circuit Court for Hillsborough County; F. M. Robles, Judge.

Judgment reversed.

*Knight, Thompson & Turner*, for Plaintiff in Error;

*Zewadski & Zewadski*, for Defendant in Error

PER CURIAM.—The declaration herein alleges that while the plaintiff, a passenger, was alighting from one of the defendant company's street cars, the defendant "negligently and carelessly caused the car to be suddenly and violently started and to travel at a great rate of speed, on account of which the plaintiff was thrown with great force and violence from off the car to and upon the street," and injured. Trial was had on a plea of not guilty. Verdict and judgment were rendered for the plaintiff, and defendant took writ of error.

The statute provides that a railroad company shall be liable for any damage done to persons by the running of

cars, "unless the company shall make it appear that its agents exercised all ordinary and reasonable care and diligence," to avoid the injury, the burden of proof being upon the defendant company when an injury is shown to have been caused by the running of the company's cars. Sec. 3148, Gen. Stats. 1906, Compiled Laws, 1914. This statute is applicable to street car companies.    44 Fla. 354.

The presumption of negligence cast upon railroads by our statute in personal injury cases ceases when the railroad company has made it appear that its agents have exercised all ordinary and reasonable care and diligence. In the presence of such proof by the railroad company the jury do not take any such presumption with them to the jury room in weighing the evidence and in coming to a determination. The statute does not create such a presumption as will outweigh proofs, or that will require any greater or stronger or more convincing proofs to remove it. All that the statute does in creating the presumption is thereby to cast upon the railroad company the burden of affirmatively showing that its agents exercised all ordinary and reasonable care and diligence, and here the statutory presumption ends. And when in a suit for personal injury the railroad company proves affirmatively by undisputed and uncontradicated evidence that it and its agents exercised all ordinary and reasonable care and diligence, and were not guilty of the negligence alleged, the plaintiff has no right to recover. Seaboard Air Line R. Co. v. Thompson, 57 Fla. 155, 48 South. Rep. 750.

In all cases "the evidence should in probative force not only preponderate in favor of the verdict found, but the evidence should produce in the minds of the jury a rea-

sonable belief of the facts essential to the verdict. Escambia County Electric Light & Power Co. v. Sutherland, 61 Fla. 167, text 194, 55 South. Rep. 83; Seaboard Air Line Ry. v. Royal Palm Soap Co., 80 Fla. 800, 86 South. Rep. 835. And a trial court should not sustain a verdict when it is not in accord with the manifest weight of the evidence or with the justice of the case. Schultz v. Pacific Ins. Co., 14 Fla. 73, text 94; Miller v. White, 23 Fla. 301, 2 South. Rep. 614; Meinhardt v. Mode, 25 Fla. 181, 5 South. Rep. 672; Tampa Water Works Co. v. Mugge, 60 Fla. 263, 53 South Rep. 943.

It is peculiarly the province of the jury to pass upon the credibility of conflicting testimony and to determine the probative force of competent testimony, but the legal effect of evidence is a matter of law and the trial court should grant a new trial when there is difficulty in reconciling the verdict with the manifest weight of the evidence or the justice of the case. Where the trial court sustains the verdict, the appellate court should take that into consideration in passing upon the sufficiency of the evidence, and unless a rule of law has been violated or the legal effect of the evidence was apparently misconceived to the prejudice of the complaining party, the ruling of the trial court in reviewing the verdict with reference to the evidence should not be disturbed. Schultz v. Pacific Ins. Co., *supra*.

In this case the preponderance of the testimony tends to "make it appear that the agents of the defendant company exercised all ordinary and reasonable care and diligence" in affording the plaintiff ample opportunity to alight in safety from the car. It is not alleged that the alighting place was unsafe because the ground was too far below the steps, and the apparent weight of the testi-

mony is that the plaintiff fell after safely alighting from the car. See Young v. New Orleans Ry. & Light Co., — La. —, 86 South. Rep. 268.

Upon a careful consideration of the entire record, it appears that in view of the *quantum* of testimony adduced under the requirements of the quoted statute, a new trial should be awarded. See Atlantic Coast Line Ry. v. Wilson, decided this term.

Judgment reversed.

BROWNE, C. J., AND TAYLOR, WHITFIELD, ELLIS AND WEST, J. J., concur.