The writ of error was taken to a judgment awarding $20,000.00 damages for alleged personal injuries.
In all cases "the evidence should in probative force not only preponderate in favor of the verdict found, but the evidence should produce in the minds of the jury a reasonable belief of the facts essential to the verdict." Escambia County Light and Power Co. v. Sutherland, 61 Fla. 167, text 194, 55 So.2d Rep. 83; Seaboard Air Line Ry. v. Royal Palm Soap Co., 80 Fla. 800, 86 So.2d Rep. 835. And a trial court should not sustain a verdict when it is not in accord with the manifest weight of the evidence or with the justice of the case. Shultz v. Pacific Ins. Co., 14 Fla. 73, text 94; Miller v. White, 23 Fla. 301, 2 So.2d Rep. 614; Meinhard v. Mode, 25 Fla. 181, 5 So.2d 672; Tampa Water Works Co. v. Mugge, 60 Fla. 263, 53 So.2d 943.
It is peculiarly the province of the jury to pass upon the credibility of conflicting testimony and to determine the probative force of competent testimony; but the legal effect of the evidence is a matter of law and the trial court should *Page 75 
grant a new trial when there is difficulty in reconciling the verdict with the manifest weight of the evidence and of the justice of the case. Tampa Electric Co. v. Barber, 81 Fla. 405, text 406-7, 88 So.2d 302.
The evidence as to the nature and extent of the personal injuries sustained by the plaintiff below as alleged is so unconvincing and the amount of the verdict is so grossly excessive as to warrant a conclusion that the jury were not governed by the evidence. In such a case the judgment will be reversed. See Railroad Company v. Brash, 73 Fla. 478, 503; Fla. Railroad Co. v. Gensler, 14 Fla. 122; Pensacola Sanitarium v. Wilkins, 64 Fla. 407, 60 So.2d 128; Jacksonville Electric Co. v. Dillon, 67 Fla. 114, 64 So.2d 669; Southern Utilities Co. v. Davis, 83 Fla. 366, 92 So.2d 683.
Reversed.
ELLIS, C. J., AND WHITFIELD, TERRELL AND BROWN, J. J., concur.