Jacksonville Traction Co. v. J. H. Greene.

151 So. 523.
Division A.
Opinion Filed December 20, 1933.

*Doggett, McCollum, Howell & Doggett,* for Plaintiff in Error;

*Evan Evans,* for Defendant in Error.

Per Curiam.—Trial was had of a suit involving an alleged injury sustained by defendant in error as passenger on plaintiff in error's street car. The basis of the action was alleged negligence on the car operator's part in closing the street car gate and raising the step of the car while the passenger was in the act of alighting, thereby throwing plaintiff to the street and injuring him. The recovery was $2,500.00 damages which the traction company seeks to have reversed on writ of error.

The only testimony offered tending to show how the alleged injury occurred was that of the plaintiff himself and that of the motorman on the street car. The testimony of the two was in direct and irreconcilable conflict. However, there may be gleaned from the record a sufficient basis in the evidence as an entirety to present a jury question as to the credibility of plaintiff as opposed to that of the street car operator. The jury believed plaintiff as it had the right to do under the circumstances shown by the record of what occurred at the trial. The trial judge who saw and heard both witnesses approved the verdict by denying a motion for a new trial. Under the circumstances an appellate court is not warranted in reversing the judgment solely on the facts, in the absence of some showing that the jury must have acted on considerations outside the evidence, in returning the verdict that it did.

The maxim of the law is *ponderantur testes, non numerantur*—witnesses are not counted, but their testimony is to be weighed. It is the general rule in civil cases that a claim or defense can be established by a single witness. 6 Jones on Evidence (2nd Ed.) page 4885. As an incident of their province to determine facts, the credibility of witnesses is peculiarly a matter for the jury. Hubbard v. Rankin, 71 Ill. 129.

The necessary meaning of the rule last stated is that the plaintiff's uncorroborated testimony alone, if reasonable on its face, and believed and accepted by the jury as true, can carry the burden of proof unless it is made to appear that there was adduced at the trial contradictory evidence opposed thereto, so strong and positive that it may be said that the verdict of the jury approving the single witness is clearly, on the whole record, against the manifest weight of the evidence considered as an entirety. A. C. L. R. R.

318

Co. v. Alverson, 95 Fla. 73, 116 Sou. Rep. 30; Williams v. State, 100 Fla. 814, 129 Sou. Rep. 456; Wilson v. Maddox, 97 Fla. 489, 121 Sou. Rep. 805. For a detailed statement of the limitations which are recognized on the application of the foregoing rule see the opinion of this Court in Calloway v. State, 112 Fla. 599, 152 Sou. Rep. 429, wherein Mr. Justice ELLIS has stated the scope of application and limitations upon the rule which this Court recognizes and follows.

Affirmed.

DAVIS, C. J., and WHITFIELD, ELLIS, TERRELL, BROWN, and BUFORD, J. J., concur.