MOTOR TRANSIT COMPANY v. ETHEL DRIVER.

162 So. 883.
Opinion Filed June 3, 1935.
Rehearing Denied Sept. 2, 1935.

*Doggett, McCollum, Howell & Doggett,* for Plaintiff in Error.

*Mabry ·A. Carlton* and *Paul Ritter,* for Defendant in Error.

PER CURIAM.—In this case a majority of the Court are of the opinion that the judgment to be rendered in this case on writ of error is within the rule of Jacksonville Traction Co. v. Greene, 113 Fla. 316, 151 Sou. Rep. 523, and that upon the authority of that decision the judgment in favor of plaintiff below as rendered in this case, should be affirmed. The fact that this court sitting as jurors might have decided the case otherwise on the facts is not deemed sufficient to warrant reversal where the verdict found is not clearly against the manifest weight of the evidence.

Affirmed.

WHITFIELD, C. J., and TERRELL, BROWN, BUFORD, and DAVIS, J. J. concur.

ELLIS, J., dissents.

ELLIS, P. J. (dissenting).—A writ of error was taken to a judgment of the Circuit Court for Duval County against the Motor Transit Company in an action by Ethel Driver for damages for personal injuries.

The declaration, which was filed in August, 1933, alleged that Ethel Driver was a passenger on one of the street cars of the defendant corporation; that at the intersection of certain streets the street car was stopped to permit passengers to alight from the car; that the plaintiff approached the door of exit for the purpose of leaving the car and alighting therefrom at that point; that the defendant, through its agent and servant "the motorman then and there operating said street car negligently and carelessly closed the door and raised the step, provided by the defendant under said door for the safety of passengers in leaving said street car, with force and violence, and carelessly and negligently started said street car while the plaintiff, Ethel Driver, was

in the act of leaving said car, and about to place her foot on said step."

It is alleged that as a result of the negligence alleged the plaintiff was thrown from the street car to the pavement and sustained personal injuries for which she sought compensation in the sum of ten thousand dollars.

The parties went to trial on the plea of not guilty. There was a verdict for the plaintiff in the sum of fifteen hundred dollars. Judgment was entered for that amount and the defendant seeks a reversal on writ of error. A motion for a new trial was denied.

The question presented is the sufficiency of the evidence to support the verdict which as to the alleged negligent act of the defendant rests solely upon the uncorroborated testimony of the plaintiff which is refuted by the testimony of four witnesses to the transaction, as well as the inferences of fact to be drawn from the operation of the mechanical device provided for the "safety of passengers in leaving said street car."

The brief of plaintiff in error presents also the question whether this court should not after examining the record give the judgment which the Circuit Court should have given as provided in Section 4637 C. G. L., 1927, in the event this Court decides that the evidence was insufficient to support the verdict.

Construing the allegation of the negligent act, upon which the plaintiff sought to recover, most favorably to the plaintiff, it consisted of two independent but co-ordinated acts on defendant's part, namely: raising the step and starting the car while the plaintiff was in the act of descending from the car to the street. At the time of the accident the plaintiff weighed about one hundred and seventy-five pounds. The mechanism which regulates the opening and

closing of the door and lowering and raising the steps upon which a passenger descends to the street was in good condition and working smoothly. The process of opening the door for the exit of a passenger puts in operation the mechanism which controls the lowering of the steps. The two operations are co-ordinate. A passenger desiring to leave the car passes through the doorway and steps upon the step which has been lowered to facilitate a convenient descent from the car.

There is no evidence in the record as to whether the mechanism could be operated by the motorman so as to raise the step while a person weighing one hundred and seventy-five pounds was standing upon it, although it may be possible for it to be done as the weight of the person is shifted to the ground and one foot being removed from the step. A raising of the step at that particular instant might trip the passenger and cause him to fall, but the declaration does not allege that the accident occurred in that way. It is alleged that the plaintiff was "in the act of leaving said car, and about to place her foot on said step" when the motorman "carelessly and negligently started said street car."

Now if that allegation is true then the passenger was within the car or standing in the doorway when the motorman started the car for she had not yet placed her foot upon the step when the car was started forward. To descend from a street car under such conditions is a most careless thing to do. The testimony of the plaintiff as to how the accident occurred is most obscure, confused, unintelligible. She said that "in stepping on the step, the car was thrown like that, in that motion, and with an awful noise, and the step was drawn up." At another time she said: "That the step was thrown up on me." She also said:

"when I undertook to alight, the step raised, the front of the car was opened like that and raised the step and threw me."

Whether she was thrown from the car by the violent and untimely movement of the car forward as the passenger was descending to the pavement or whether the step was precipitately raised before she passed through the doorway, or whether as she stood upon the step it was violently raised with her weight upon it causing her to be thrown to the ground or whether as she placed one foot upon the ground and was withdrawing the other from the step the motorman caused the step to be raised, thus tripping the plaintiff and causing her to fall cannot be determined either from the allegation in the declaration or the testimony of the witness.

That she was injured and suffered some inconvenience on account of the accident which occurred at the time and place stated there is little or no doubt but there is no evidence in the record tending to show that the plaintiff was injured in the manner and by the means alleged in the declaration. Upon the other hand there was evidence to show that the plaintiff fell after she had safely descended from the car.

The evidence in the case is not of such a nature and quality that it produces a reasonable belief of the facts essential to a verdict based upon a declaration whose allegations of the negligent act are as complex and involved as the allegations in this case. The apparent weight of the evidence is that the plaintiff fell after alighting from the car. See Tampa Electric Co. v. Barber, 81 Fla. 405, 88 South. Rep. 302; Smith, Richardson & Conroy v. Tampa Electric Co., 82 Fla. 79, 89 South Rep. 352; Atlantic Coast Line Ry. Co. v. Alverson, 95 Fla. 73, 116 South. Rep. 30. It is not the purpose of Sec. 4637, C. G. L., to authorize

or require the appellate court in a cause like the instant case to enter a judgment for the defendant on the merits, but to give such judgment as the trial court should have given. The trial court should have granted the motion for a new trial. It was error not to do so.

## ON PETITION FOR REHEARING.

PER CURIAM.—In criminal cases, this Court has on occasion (as has been suggested by the petition for a rehearing herein), sometimes reversed adverse adjudications of guilt of felony, where it appeared that justice required it because of a reasonable doubt suggested by the record itself, after a dispassionate consideration by this Court of the evidence as a whole, leading to the conclusion that the jury must have been misled into the finding of a verdict of guilty against an accused person on evidence so doubtful as a matter of law, as to suggest the probability of a miscarriage of justice in the premises, and consequently the denial of a fair trial as a result. Callaway v. State, 112 Fla. 599, 152 Sou. Rep. 429, and similar cases.

But in civil cases, the mere existence of a reasonable doubt is no ground for a new trial, either by order of the trial court or by order of this Court. In ordinary civil cases a preponderance of evidence is altogether sufficient to support a verdict for plaintiff as was pointedly decided in Jacksonville Traction Co. v. Greene, 113 Fla. 316, 151 Sou. Rep. 523, cited in the majority opinion filed in this case on June 3, 1935. Only a clear affirmative showing that a verdict is clearly wrong, amounting to something more than a reasonable doubt about it, will warrant the Supreme Court in ordering a new trial on the ground that the ends of justice will be subserved by letting a second jury have an opportunity to pass upon the evidence.

Rehearing denied.

ELLIS, TERRELL, BUFORD and DAVIS, J. J., concur.