WINTER HAVEN FRUIT SALES CORPORATION v. CONNIE DEVANE, *a widow.*

162 So. 909.
Opinion Filed July 6, 1935.
Petition for Rehearing Denied August 27, 1935.

*Huffaker & Edwards,* for Plaintiff in Error;

*J. A. Henderson,* for Defendant in Error.

DAVIS, J.—In this case Connie DeVane sued Winter Haven Fruit Sales Corporation for damages for alleged

breach of contract to pick and market the marketable fruit derived from plaintiff's grove, as to which it was alleged that defendant had guaranteed a net return of not less than sixty per cent. on the grapefruit. It was the theory of plaintiff's case that the contract sued on had been breached by defendant's failure and neglect to use all ordinary skill and diligence in picking, packing, gathering, selling and marketing the fruit in controversy, and that the standard of diligence required of defendant in that regard was such care as was customarily used by shipping agents or factors engaged in business of a like character. The trial judge definitely charged the jury to decide the case on that premise. The result of the trial was a damage verdict and judgment in plaintiff's favor amounting to $790.00, which recovery, less a remittitur of $158.00 ordered in the court below, has been brought to this Court for review on writ of error at defendant's instance.

It was shown by the contract sued on that the defendant's express undertaking was to act as exclusive marketing agent for the plaintiff grower and to handle the wholesale distribution, sale and disposition of all marketable fruit covered by the period of time and places mentioned in the contract. It was expressly stipulated in the agreement that it was to cover "all marketable citrus fruits to come from groves belonging to Connie DeVane" as therein described.

So the trial simmered down to the sole issue of fact whether or not there was merchantable fruit left in plaintiff's groves which defendant neglected to pick, gather, pack and ship as its contract required it to do, in consequence of which plaintiff was damaged to the extent of the recovery had. An examination of the evidence adduced at the trial does not sustain the plaintiff in error's contention that the court was unwarranted in its refusal to disturb the verdict

further than to order a remittitur of $158.00, so the assignment of error predicated upon the court's denial of a new trial must be overruled.

The fact that the plaintiff below relied solely on her own testimony to support her contention in this case, does not *per se* render the evidence insufficient *as a matter of law* to support the verdict, there being nothing in the record to suggest that in thus accepting plaintiff's testimony alone, the jury was actuated by passion or prejudice, or that it demonstrated an inclination to arbitrarily reject countervailing evidentiary considerations sufficient to rebut and overthrow in the mind of any reasonable man the alleged facts to which plaintiff testified at the trial. Jacksonville Traction Co. v. Greene, 113 Fla. 316, 151 Sou. Rep. 523; Motor Transit Co. v. Driver, 120 Fla. 293, 162 Sou. Rep. 883 (decided June 3, 1935, at present term).

The judgment is affirmed.

WHITFIELD, C. J., and ELLIS, TERRELL and BUFORD, J. J., concur.