MARGARET D. STANLEY v. HERMAN POWERS.

169 So. 861.
Opinion Filed September 22, 1936.
Rehearing Denied Oct. 23, 1936.

*W. McL. Christie* and *George P. Garrett,* for Plaintiffs in Error.

*Evan Evans,* for Defendant in Error.

PER CURIAM.—This was an action for personal injuries in which defendant in error, as plaintiff below, secured a verdict for $25,000 which on motion for new trial was reduced to $15,000 by acceptance of a remittitur for $10,000. Final judgment was entered and defendants below, plaintiffs in error here, took writ of error.

Plaintiffs in error were the owners and operators of a series of trucks with which they were engaged in the business of hauling citrus fruits from Lake Wales to Jacksonville, Florida. Defendant in error was an automobile dealer living in Macclenny and had a collision with one of the trucks of plaintiffs in error near Baldwin on the morning of March 21, 1934, about 4:00 o'clock as he was returning from Jacksonville to his home. The declaration was in two counts. The first count is grounded on the negligence of the truck driver as the master's servant, while the second count is grounded on the negligence of the truck driver as the master's agent.

The first question with which we are confronted is predicated on failure of the plaintiff to prove essential allegations of his declaration, to-wit knowledge and consent of both defendants, who were husband and wife, to the employment of the driver and use of the truck by him at the time of the accident. It is also contended that, defendant, Margaret B. Stanley, being a *femme covert,* was without authority to contract with the driver and consequently cannot be bound by the judgment.

The non-liability of a married woman on her contracts, except as provided by law, is academic and too well settled for argument. Sumner v. Osborne, 101 Fla. 742, 135

So. 513; Blood v. Hunt, 97 Fla. 551, 121 So. 896; Kelliher v. Kennard, 75 Fla. 665, 79 So.. 28; Sections 5024-5028, Compiled General Laws of 1927.

A married woman is not protected by this rule when she enters into business with her husband or on her own responsibility in competition with others and for profit. To that extent the common law rule has been modified. Ballenger v. Mark, 115 Fla. 95, 155 So. 106; Banfield v. Addington, 104 Fla. '661, 140 So. 893; Green v. Miller, 102 Fla. 767, 136 So. 532. In a case of this kind when the husband and wife engage in business for profit and are guilty of a tort through negligence it is sufficient to prove knowledge and consent on the part of the husband when it is shown that he is managing the business. We express no opinion as to whether a judgment so secured could reach property held by the entireties.

The only remaining question we are called on to answer is whether or not the evidence was sufficient in law to sustain the verdict and judgment.

The evidence was conflicting but not complicated. In its final analysis this question is resolved by determining whether the car of the plaintiff or the truck of defendant with which he collided was being driven on the wrong side of the center line of the road when the collision took place. The evidence on this point being in conflict it became the duty of the jury to weigh and compare it and pass on the character and credit of the witnesses in the light of the attendant circumstances.

While this is peculiarly the province of the jury, if the verdict reached does not square with right and justice and there is reasonable ground to conclude that the jury acted through sympathy, passion, prejudice, mistake, or other unlawful cause, it then becomes the province and the duty

of the trial court to set the verdict aside and grant a new trial. Shultz v. The Pacific Insurance Co., 14 Fla. 73.

The mere fact of a tort or accident occurring in which injury results does not warrant a verdict for damages in favor of the injured. The party seeking to recover from the injury must be free from contributory negligence, must prove the extent to which he was injured, and that the defendant was negligently responsible. The first question before the jury in such cases is to place responsibility for the negligent act. Until this is done the question of damages is out of the picture.

It requires a very plain case to warrant an appellate court in setting aside the concurrent judgment of the trial court and the jury on the ground that the verdict is contrary to the weight of the evidence but this should be done when it clearly appears that the verdict cannot without difficulty be reconciled with the manifest weight of the evidence and the justice of the case. Shultz v. The Pacific Insurance Co., *supra*.

When the accident precipitating this action took place the plaintiff was proceeding west along the Jacksonville - Lake City highway, two miles east of Baldwin about 4:00 o'clock A. M. Defendants' truck was proceeding east along the same highway loaded with oranges with a trailer attached. The evidence does not indicate that plaintiff or the truck driver was driving recklessly. The road was concrete, twenty-two feet wide, and perfectly level and straight for miles both ways from where the accident occurred. If each driver had been on his side of the road the accident could not possibly have taken place. Both drivers testified that they saw the other arrpoaching. Plaintiff was driving by himself and testified that he was on his side of the road as far as he could get without running off the pave-

ment, that defendants' truck was encroaching on his side of the center line of the road, and that in attempting to pass the truck his car and the truck collided, taking off his left fenders, crushing one of his wheels, exploding the tire, and injuring his left arm so badly that it had to be amputated at the shoulder. Several other witnesses testified as to some photographs of the pavement where the accident took place, skid marks on the pavement, and other matters, but they are merely suggestive as to how or where the accident happened.

The driver of the truck testified that he was more than three feet over the center of the highway on his side when the accident took place, that the opposite side of his truck was off the concrete on the sand shoulder. If the evidence of either of these parties had been true the accident could not possibly have happened unless the other had been on the wrong side of the pavement. The evidence of the plaintiff is not corroborated by a single eye witness, but the evidence of the truck driver is corroborated by the driver of a second truck which was following close behind the truck that was in the accident, and the evidence of both truck drivers is corroborated by the evidence of R. O. and R. B. Johns who were shown to be reputable witnesses both riding in a car close behind the plaintiff at the time the accident took place and were eye witnesses to it, had no interest in it, and knew none of the parties to it except casually. In other words, the evidence of three eye witnesses without material variance supports the testimony of the truck driver.

Photographs of skid marks on the concrete pavement alleged to have been made by the steel rim of plaintiff's car immediately after the accident also corroborate the truck driver's testimony and it is shown without contradiction that plaintiff's car struck the truck amidship, behind the

cab and broke the housing of the rear wheel. Evidence was introduced to show that the photographs were spurious but the trial court allowed them to go to the jury and no error is made to appear in so doing.

The evidence both oral and physical so preponderates in favor of the defendants and the verdict is so out of harmony with the apparent manifest justice of the cause, we cannot reconcile it and·are impelled to the belief that the jury must have been actuated by influence outside the record for which the cause must be reversed for a new trial.

The trial court denied a motion to permit the jury to view the *locus in quo* on the ground that eighteen months intervened between the date of the accident and the date of the trial, that it was a very heavily traveled highway, and that torrential rains, heat, cold, and frost, had taken place in the meantime. This notwithstanding the fact that one of the witnesses testified that he had recently visited the scene of the accident and that the skid marks were very perceptible, having been made by an iron rim on the concrete, and that they were in substantially the same condition as when made.

Ordinarily the refusal of the trial court to permit the jury to view the *locus in quo* will not be reversed where no abuse of discretion is shown. Haynes v. State, 71 Fla. 585, 72 So. 180.

We think the trial court abused his discretion in not permitting the view in this case. It is shown that the skid marks were in substantially the same condition as when made, ordinary wear and tear excepted. It would have been very enlightening to reconcile physical with verbal testimony, to determine whether the photographs were spurious or *bona fide,* and to show whether plaintiff or the truck driver was on the wrong side of the road.

The logic supporting the theory that the concurrent judgment of the trial court and the jury will not be set aside except error be made to appear rests on the theory that the jury arrived as near the truth of the controversy as it was humanly possible to do. The reason for weighing and comparing conflicting evidence is to permit the jury to make due allowance for the foibles and frailities of human nature and thus arrive at a verdict consistent with reason and what the true facts point to as the truth of the controversy.

There is little basis for weighing physical evidence. It is axiomatic and may have the virtue of establishing beyond cavil the truth or falsity of parole testimony. A view in this case might have set at rest any question of the spuriousness of the photographs and if it had shown beyond question that they were *bonà fide* the question of who was on the wrong side of the center line of the road would have been settled and the settlement of that question settles this case.

It follows that the judgment below must be and is hereby reversed and a new trial awarded.

Reversed.

WHITFIELD, C. J., and TERRELL, and BROWN, J. J., concur.

BUFORD and DAVIS, J. J., concur specially.

ELLIS, P. J., dissents.

DAVIS, J. (concurring specially).—I fail to perceive wherein the evidence was insufficient to sustain the verdict, if believed, by the jury according to what was testified to by plaintiff's witnesses. Otherwise I concur in the opinion.

ELLIS, P. J. (dissenting).—I think that the verdict in this case should not be disturbed for the reason, first, that, while the testimony is conflicting as to the manner in which the accident occurred, there is ample evidence in the record to support the conclusion of the jury; second, while I think

the declaration was amenable to the demurrer and the motion to amend, yet no point has been made on the ruling of the court upon either the demurrer or the motion to amend, consequently whatever of an objection may have been taken to what I conceive to be an error of the Court in those two particulars has been abandoned.

I think the case rests upon the doctrine of *respondeat superior,* as the main opinion pointed out, but I think that the court committed no error in refusing a view of the premises by the jury where the alleged accident occurred.

My conclusion is, therefore, that the judgment should be affirmed.