89 So.2d 18 (1956)
FLORIDA PUBLISHING COMPANY, a corporation, doing business as Times-Union, Appellant,
v.
William E. COPELAND, a minor, by his next friend, Cleon Copeland, Appellee.
Supreme Court of Florida. En Banc.
July 31, 1956.
*19 Harry T. Gray, Mark Hulsey, Jr., and Marks, Gray, Yates & Conroy, Jacksonville, for appellant.
Carl G. Swanson, Arthur T. Boone and Boone & Swanson, Jacksonville, for appellee.
O'CONNELL, Justice.
Appellant, Florida Publishing Company, doing business as Times-Union, which was the defendant below, appeals from a final judgment rendered against it after a trial by jury in a suit for personal injuries brought by appellee, as plaintiff. The parties will be referred to as they stood in the trial court.
Defendant raises five questions for us to consider. We think that it is only necessary to determine whether or not the evidence was sufficient to support the verdict and judgment.
The accident and injuries which were the subject of this suit occurred at about 10:30 p.m. on U.S. Highway No. 90, approximately one and one-half miles west of Baldwin, Florida. At the locale of the accident the highway runs east and west and is a straight road for approximately a mile in either direction from the point where the accident occurred. Weather conditions were good.
Plaintiff, driving his father's automobile, and a truck owned by defendant, driven by one of its employees, collided. Plaintiff and the driver of the truck were the only eye witnesses to the accident.
Plaintiff testified that he was driving East to Jacksonville, that a few seconds before the impact he observed lights of an approaching vehicle; that the vehicle was traveling West at a high rate of speed in plaintiff's, i.e. the south or east bound, lane of traffic; that the impact or collision took place in his lane of traffic; that just before the collision the driver of the truck seemed to try to swerve to the other (north side, west bound) lane of traffic; that plaintiff did not know whether he blew his horn, put on his brakes or tried to evade the oncoming vehicle; that he did not remember anything after the impact.
The driver of defendant's truck testified that he was driving West; that he observed a car approaching from the West *20 going East; that as the car got "pretty close up" the car "looked like it was beginning to come over, and all of a sudden he cut right over on my side of the road and was coming right facing, meeting me;" that he blew his horn, put his brakes on and tried to pull out of the way and got the two front and one rear wheels of the truck off the highway before "he hit me"; that the car hit the truck "right behind the cab on the corner of the truck"; that the impact knocked the rear of the truck around, the truck turned over once and landed on its wheels facing South with the rear wheels in the ditch and the front wheels on the shoulder of the road.
Photographs of the vehicles show that the main force of the impact to both vehicles was to the left side, from fender to door. The left front wheel on plaintiff's car was torn off and the left front of the car was resting on its axle or the hub from which the wheel was torn.
A photograph of plaintiff's car, taken immediately after the accident before the car was moved, shows it facing in a northwesterly direction with approximately the front half thereof across the center line of the road and in the west bound or north lane of traffic. Two Troopers of the Florida Highway Patrol who investigated the accident testified as to the location of the vehicles after the accident and as to the presence of debris, glass, dirt and oil, all located on the north side of the center line of the road, in the west bound lane of traffic. There was no evidence given or shown to substantiate the plaintiff's version that the point of impact occurred in the south or east bound traffic lane. Photographs of the area and the testimony showed no marks to have been made by the axle or hub of plaintiff's car, except the indentation in the road where the car came to rest. This indentation was in the west bound traffic lane four feet from the north edge of the road.
It is true that an appellate court must indulge every reasonable presumption in favor of the correctness of the verdict of a jury and a judgment rendered thereon. However, although it is the province of the jury to determine disputed questions of fact "if the verdict reached does not square with right and justice and there is reasonable ground to conclude that the jury acted through sympathy, passion, prejudice, mistake, or other unlawful cause, it then becomes the province and the duty of the trial court to set the verdict aside and grant a new trial. * * *" Stanley v. Powers, 125 Fla. 322, 169 So. 861, 863.
There is no doubt that the testimony of the plaintiff, although uncorroborated, "* * * if reasonable on its face, and believed and accepted by the jury as true, can carry the burden of proof unless it is made to appear that there was adduced at the trial contradictory evidence opposed thereto, so strong and positive that it may be said that the verdict of the jury approving the single witness is clearly, on the whole record, against the manifest weight of the evidence considered as an entirety." Jacksonville Traction Co. v. Greene, 113 Fla. 316, 151 So. 523, 524.
The evidence in this case is not complicated. The testimony of the drivers of the two vehicles is in conflict as to which driver transgressed into the traffic lane of the other and as to the traffic lane in which the impact occurred. There is no dispute as to the physical evidence surrounding the mishap which evidence as we view it is strong and positive in its contradiction of the plaintiff's testimony, which was uncorroborated.
After giving to the verdict and judgment every reasonable presumption of correctness, and considering fully every inference that the jury could logically draw from the evidence, we must conclude that the verdict of the jury is clearly on the whole record, against the manifest weight of the evidence considered as an entirety.
Having determined that the evidence is not sufficient to support the verdict and the *21 judgment appealed from it is unnecessary to answer the other questions raised in the appeal.
The judgment is hereby reversed and a new trial awarded.
DREW, C.J., and TERRELL, HOBSON and BARNS, JJ., concur.
CRAWFORD, Associate Justice, dissents.
THORNAL, J., not participating.
CRAWFORD, Associate Justice (dissenting).
The only questions presented in this case are those of fact. The jury heard and saw the witnesses, considered the evidence and resolved the questions in favor of the plaintiff. I would affirm the judgment.