PER CURIAM.
The appellant was the defendant and counterplaintiff in the trial court. This appeal is from a final judgment based on a jury verdict in which the jury found for the plaintiff on his claim in the amount of $34,437.54 and found for the counterplain-tiff, appellant here, on its counterclaim in the amount of $3,500. Appellant’s dissatisfaction lies in the fact that there was awarded $3,500 for damages on its counterclaim. It contends that this amount was insufficient because of certain procedural ( errors.
The first error claimed is that the trial court abused its discretion in allowing a jury trial when a demand for a jury trial was filed more than ten days after the filing of the answer. See Rule 2.1, Fla.R.Civ.P. 31 F.S.A. The record reveals that even though the demand for jury trial was late as to the issues made by the complaint and answer, it was filed before the filing of the counterclaim and the answer thereto. We find that no abuse of discretion has been demonstrated upon the court’s determination that all the issues should be tried together. See Shores v. Murphy, Fla.1956, 88 So.2d 294.
The second procedural error urged is the failure to the court to order a view of the property involved. The allowance of a view of the “locus in quo” is a matter within the sound discretion of the trial court. Stanley v. Powers, 125 Fla. 322, 169 So. 861. The property which the appellant claims should have been viewed was a damaged paint job on appellant’s 14-story hotel. The practical difficulties of such, a view and its doubtful, advantage to the jury are such that the appellant has failed to show an abuse of discretion.
Affirmed.