316 So.2d 646 (1975)
Guilberto NAVARRO et al., Appellants,
v.
Luis A. ESPINO and Luis A. Espino, Jr., Appellees.
Nos. 74-1362, 74-1363.
District Court of Appeal of Florida, Third District.
June 10, 1975.
Rehearing Denied August 29, 1975.
*647 Horton, Perse & Ginsberg, Miami, for appellants.
Turner & Shapiro, Miami, for appellees.
Before PEARSON, HENDRY and HAVERFIELD, JJ.
PER CURIAM.
Defendants in the trial court appeal an order holding that a joint venture was entered into between the defendants and the plaintiffs who were awarded a 1/3 interest in a condominium development known as The Towers of Kendale Lakes.
Plaintiffs filed a complaint and alleged therein that a joint venture agreement existed between the plaintiffs, appellees herein, and the appellants and that appellants wrongfully disclaimed and attempted to defraud plaintiffs out of their interest in the venture. Plaintiffs contended that in exchange for putting up $50,000 they were to receive a 1/3 interest in the project known as The Towers of Kendale Lakes. In addition to the loan, plaintiff Luis A. Espino, Jr. was to assist in obtaining financing for the project and helped prepare the presentation therefor. Luis A. Espino, Sr. was to assist in supervision of the construction, if requested. The interest of plaintiff-appellees was to be represented by stock in Tierra Del Sol, Inc., a corporation formed to develop the project and both Espinos were named as officers in the corporation. *648 After the construction loan was obtained, the $50,000 which was advanced by plaintiffs and which enabled Tierra Del Sol, Inc. to close on the purchase of the property on which the construction was to take place, was returned to the plaintiffs since the construction loan was structured to be 100% financed including all monies advanced for the purchase of the subject property.
Defendant-appellants basically argued that the $50,000 was simply a loan which had been paid back to the plaintiffs who have no further interest in The Towers of Kendale Lakes. The cause proceeded to a non-jury trial and at the conclusion thereof, the trial judge entered an order finding that a preponderance of the evidence established a joint venture had been entered into between the defendants and the plaintiffs whereby plaintiffs were awarded a 1/3 interest in the development. Thereupon, the trial judge ordered the defendants to issue appropriate documentation reflecting this interest and granted plaintiffs an accounting. This appeal ensued.
Defendant-appellants for the first point on appeal contend the evidence was not sufficient to support a finding by the trial judge that a joint venture agreement existed between the parties.
The relationship of joint ventures is created when two or more persons combine in some specific venture to seek a profit jointly. Florida Tomato Packers, Inc. v. Wilson, Fla.App. 1974, 296 So.2d 536. The relationship must arise out of a contract which may be implied or inferred from the conduct of the parties or from acts and circumstances which in fact make it appear that they are participants in a joint venture. Kislak v. Kreedian, Fla. 1957, 95 So.2d 510; Tomato Packers, Inc., supra.
In order to have a joint venture there must be (1) a community of interest in the performance of the common purpose, (2) joint control or right of control, (3) a joint proprietary interest in the subject matter, and (4) a right to share in the profits and a duty to share in any losses sustained. 18A Fla.Jur. Joint Adventures § 6 (1971) and cases cited therein.
Whether a joint venture existed is commonly a fact question to be determined by the trier of the fact. See Kaplan v. Wolff, Fla.App. 1967, 198 So.2d 103.
The evidence as gleaned from the record in the cause sub judice supports the trial judge's determination that a joint venture existed between the respective parties. Defendant Navarro himself testified that originally when plaintiffs put up the $50,000 which enabled Tierra Del Sol, Inc. to close on the subject property, he did not consider the $50,000 contribution as a loan. Plaintiff Luis Espino, Jr., as agreed, did in fact attempt to arrange a construction loan for the project, but defendant Navarro obtained a loan from another lender on more favorable terms. Since 100% financing of the entire project had been obtained, the return of the $50,000 to the plaintiffs did not negate the existence of the joint venture. Likewise, Tierra Del Sol, Inc. also repaid the $89,000 loan which defendant-appellant Navarro had made in order to come up with his share of the purchase price of the subject property. In spite of the fact that the $50,000 returned to plaintiffs was recorded as a repayment of loan, the testimony with respect thereto demonstrates that categorizing the payment as such was for tax purposes. Last, if plaintiffs' $50,000 was a loan, then they would probably have insisted on receiving some interest therefor which was never paid. The record affirmatively reveals that plaintiffs were listed as officers of Tierra Del Sol, Inc. and plaintiff Luis Espino, Jr. testified that he and Espino, Sr. were to receive shares of stock therein to reflect their interest in the joint venture. Thus, we have reached the determination that there was competent substantial evidence to support the finding of the trial judge and this point of appellants must fail.
*649 We also considered appellants' remaining two points on appeal and find them to be without merit. See Yates v. Ball, 132 Fla. 132, 181 So. 341 (1937) and Best Concrete Corporation v. Oswalt Engineering Service Corporation, Fla.App. 1966, 188 So.2d 587.
Accordingly, the order appealed is affirmed.
Affirmed.