344 So.2d 1296 (1977)
FLORIDA ROCK & SAND COMPANY, et al., Appellants,
v.
Teresa COX and Roberto Lariosa, Appellees.
No. 76-49.
District Court of Appeal of Florida, Third District.
April 19, 1977.
*1297 Thornton, Doughtery & Conroy and John Edward Herndon, Jr., Miami, for appellants.
Carey, Dwyer, Cole, Selwood & Bernard and Steven R. Berger, Miami, for appellees.
Before HENDRY, C.J., NATHAN, J., and CHARLES CARROLL (Ret.), Associate Judge.
HENDRY, Chief Judge.
Plaintiffs-appellees, Cox and Lariosa, were injured in an automobile accident when the car in which Lariosa was driving and Cox was a passenger struck a median strip. Each filed separate suits against the defendant Ron-Lee, Inc., alleging that Ron-Lee, as the contractor in charge of repairing and improving the highway, negligently failed to provide warning signs, lights and other proper safety devices to inform travelers of the hazardous road construction. The lawsuits were consolidated and subsequently, Ron-Lee filed a third party complaint in indemnity against its various subcontractors, one of which was appellant, Florida Rock & Sand Company.
The third party defendant, Florida Rock & Sand Company, thereupon filed a complaint against the original plaintiffs (appellees), alleging that, as to each plaintiff, appellant was entitled to indemnity and/or contribution in that both Cox and/or Lariosa were guilty of active negligence in the operation and/or control of the vehicle. The complaint was later amended to two counts, one in indemnity and the other for contribution. Both appellees moved to dismiss the complaint. Dismissal was granted and this appeal follows.
Initially, appellant contends that a cause of action in indemnity lies against both *1298 appellees. We disagree, based upon the following.
In order for appellant, as a subcontractor, to have been held liable to the contractor-defendant for indemnification, pursuant to the third party complaint, a jury would have to find appellant actively negligent and the defendant-contractor passively negligent. Stuart v. Hertz Corporation, 302 So.2d 187 (Fla.4th DCA 1974). As an actively negligent tortfeasor then, appellant could not pursue a cause of action in indemnity against appellees, see Dura Corporation v. Wallace, 297 So.2d 619 (Fla.3d DCA 1974), notwithstanding the admitted absence of either an express or implied contract between appellant and appellees. Mims Crane Service, Inc. v. Insley Manufacturing Corp., 226 So.2d 836 (Fla.2d DCA 1969).
As for the count based upon contribution, we have a somewhat different result. Appellant contends that if the claim for contribution is not allowed to stand, then it might be shouldered with the burden of paying more than its pro-rata share of the damages. We find merit in this contention.
The pleadings reveal that certain allegations were made by the various parties claiming that appellees were joint venturers. As such the trial judge reasoned, and correctly so, that pursuant to Hoffman v. Jones, 280 So.2d 431 (Fla. 1973), the doctrine of comparative negligence would obviate the necessity of a claim based upon contribution. This is so because the negligence of one joint venturer is imputed to the other in an action based upon the tortious conduct of the joint venturer committed while within the scope of the joint venture. Florida Tomato Packers, Inc. v. Wilson, 296 So.2d 536 (Fla.3d DCA 1974). Therefore, should appellee-Lariosa, as driver of the vehicle involved in the accident, be found to be comparatively negligent, then his negligence would be imputed to Cox and only a proportionate recovery could be had by either party against the ultimate wrongdoer, either the defendant-contractor or appellant, as the active tortfeasor.
However, the existence of a joint venture is a question to be determined by the trier of facts. Navarro v. Espino, 316 So.2d 646 (Fla.3d DCA 1975). We note that appellees have continually denied the existence of a joint venture in their pleadings. Should no joint venture be found to exist between appellees, a problem arises, left unanswered and unaided by the doctrine of comparative negligence. The following example will demonstrate the predicament.
Assume Lariosa, as the driver of the vehicle is found to be forty (40%) per cent negligent, Ron-Lee, Inc., is found to be passively negligent or not negligent at all and Florida Rock & Sand Company is held to be sixty (60%) per cent at fault. Lariosa could only recover sixty (60%) per cent of his damages from Florida Rock & Sand Company. Cox, however, as a non-negligent passenger of the vehicle (with no imputed negligence) would be entitled to proceed against appellant for the total damages, notwithstanding the fact that appellant was only liable for a percentage of the damages; i.e., comparative negligence.
Logic and reason dictate that appellant be permitted to file a claim against Lariosa, as a joint tortfeasor, pursuant to Section 768.31, Florida Statute (1975). We note that Rule 1.180, Fla.R.Civ.P. provides for the assertion of a claim by a third party defendant against a plaintiff arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third party plaintiff.
Sub judice, allowing appellant to file a claim against appellee-Lariosa for contribution, would bring the alleged joint-tortfeasor before the court in that capacity and would insure a proper distribution of liability. Of course, appellant Cox, being a mere passenger, could not be classified as a tortfeasor and therefore, any claim against Cox for contribution was properly dismissed.
Accordingly, we are of the opinion that appellant should be entitled to file a claim based upon contribution among joint tortfeasors against Lariosa, as the alleged negligent *1299 driver of the vehicle, and therefore, that portion of the order appealed from is reversed. In that the pleadings do not reveal any allegations of specific negligence attributable to the passenger Cox, we believe the judge was correct in dismissing the count based upon contribution as to her and, as previously mentioned, was likewise correct in dismissing the count based upon indemnity as to both appellees.
The order of dismissal is therefore affirmed in part and reversed and remanded in part with directions to reinstate appellants' claim for contribution against appellee-Lariosa.
Affirmed in part; reversed and remanded in part.
NATHAN, Judge, concurring in part and dissenting in part.
I concur with the majority opinion in all respects except that I respectfully disagree with the dismissal of Cox from the third party complaint of appellant Florida Rock and Sand.
Admittedly, the existence of a joint venture as alleged by appellant is a question to be determined by the trier of fact. However, using the other side of the coin of the predicament noted in the majority opinion, i.e., should a joint venture be found to exist between the appellees, Cox as a passenger with imputed negligence would only be entitled to recover from the appellant the total amount of the damages sustained by her reduced by the per cent of the negligence of Lariosa, the joint venturer tortfeasor (according to the doctrine of comparative negligence). Therefore, to permit Cox to be dismissed from the appellant's third party complaint would place appellant in the posture of being responsible to Cox for the entire amount of her damages without reduction for the percentage of negligence of Lariosa, the joint venturer tortfeasor.