PER CURIAM.
Sylvia Giardina appeals a final summary judgment entered in favor of defendant Leslie Bowe. We reverse. In the amended complaint, Giardina asserted claims for breach of contract and breach of fiduciary duty arising out of an oral joint venture agreement. Her claims arise from her participation in a Lotto pool with Bowe. A review of the record, which includes affidavits and depositions of the parties and other pool members, reveals that genuine issues of material fact remain unresolved as to whether the parties had an agreement to purchase tickets as alleged in the amended complaint, whether the parties engaged in a joint venture, and whether they had established a fiduciary relationship. See Florida Rock & Sand Co. v. Cox, 344 So.2d 1296 (Fla. 3d DCA 1977); Navarro v. Espino, 316 So.2d 646 (Fla. 3d DCA 1975); Browning v. Peyton, 918 F.2d 1516 (11th Cir.l990)(applying Florida law). “If the evidence raises any issue of material fact, if it is conflicting, if it will permit different reasonable inferences, or if it tends to prove the issues, it should be submitted to the jury as a question of fact to be determined by it.” Moore v. Morris, 475 So.2d 666, 668 (Fla. *1072 1985). Accordingly, the summary judgment is reversed.
Reversed and remanded.