PER CURIAM.
Our opinion in Giardina v. Bowe, 680 So.2d 1071 (Fla. 3d DCA 1996), as reproduced below, sets out the facts of this case and its posture, when it previously appeared before us.
Sylvia Giardina appeals a final summary judgment entered in favor of defendant Leslie Bowe. We reverse. In the amended complaint, Giardina asserted claims for breach of contract and breach of fiduciary duty arising out of an oral joint venture agreement. Her claims arise from her participation in a Lotto pool with Bowe. A review of the record, which includes affidavits and depositions of the parties and other pool members, reveals that genuine issues of material fact remain unresolved as to whether the parties had an agreement to purchase tickets as alleged in the amended complaint, whether the parties engaged in a joint venture, and whether they had established a fiduciary relationship. See Florida Rock & Sand Co. v. Cox, 344 So.2d 1296 (Fla. 3d DCA 1977); *942 Navarro v. Espino, 316 So.2d 646 (Fla. 3d DCA 1975); Browning v. Peyton, 918 F.2d 1516 (11th Cir.1990)(applying Florida law). “If the evidence raises any issue of material fact, if it is conflicting, if it will permit different reasonable inferences, or if it tends to prove the issues, it should be submitted to the jury as a question of fact to be determined by it.” Moore v. Morris, 475 So.2d 666, 668 (Fla.1985). Accordingly, the summary judgment is reversed.
On remand, after trial, a jury unanimously found for Sylvia Giardina. In case 98-254, Leslie Bowe appeals the trial court’s denial of his motion for judgment notwithstanding the verdict. In ease 98-914, Giardina argues that the trial court erred when it granted Bowe a directed verdict on Giardina’s claim of breach of fiduciary duty, and when it denied her motion for accounting, constructive trust, and attorney’s fees. We affirm the order under review in all respects.
The evidence at trial regarding when Bowe was to purchase lottery tickets was disputed. To begin the pool, each member contributed $10. Bowe was responsible for purchasing tickets. Bowe contended that whenever the pool won money, Bowe would consult with pool members when to purchase more tickets. Giardina testified that initially, all winnings were to be replayed in the next week’s drawing until there were no more winnings. Later, however, she had a discussion with Bowe and that agreement was modified, and Bowe was to play the winnings whenever the lottery prize was larger than $7,000,000. The other six members of the pool testified that Bowe had not breached an oral contract with the group by not playing the group’s $9.00 in the lottery drawing at issue.
As has been observed on numerous occasions, if evidence raises any issue of material fact, if it is conflicting, if it will permit different reasonable inferences, or if it tends to prove the issues, it should be submitted to the jury as a question of fact to be determined by it. See Williams v. Lake City, 62 So.2d 732 (Fla.1953); Crovella v. Cochrane, 102 So.2d 307 (Fla. 1st DCA 1958). In Community Design Corp. v. Antonell, 459 So.2d 343, 345 (Fla. 3d DCA 1984), this court observed:
Courts are reluctant to hold contracts unenforceable on grounds of uncertainty, especially where, as here, one party has received the benefit of the other’s performance. Blackhawk Heating & Plumbing Co. v. Data Lease Financial Corp., 302 So.2d 404, 408 (Fla.1974); Burton v. Keaton, 60 So.2d 770 (Fla.1952). When the existence of a contract is clear, the jury may properly determine the exact terms of an oral contract, Pan American Bancshares, Inc. v. Trask, 278 So.2d 313 (Fla. 3d DCA 1973), which often depend on the credibility of the witnesses.
Here, neither the testimony of the other pool members, nor the fact that Bowe still had in his possession the groups’ prior winning tickets valued at $9.00, render the evidence legally insufficient so as to justify the directed verdict Bowe sought. As observed in Heitman v. Davis, 127 Fla. 1, 172 So. 705 (Fla.1937), Jacksonville Traction Co. v. Greene, 113 Fla. 316, 151 So. 523 (Fla.1933) and again in In re Estate of Richmond, 298 So.2d 549, 550 (Fla. 2d DCA 1974), a case is not to be decided by the number of witnesses each side calls but rather by the quality of the testimony given. Here, faced with conflicting testimony, the trial court was entirely correct to send the case to the jury.
Accordingly, we affirm the judgment on the main appeal. Notwithstanding Giardi-na’s argument to the contrary, we conclude this determination renders it unnecessary to reach those issues raised on cross appeal.
The order under review is affirmed.